JOURNAL ENTRY AND OPINION
{¶ 1} In State v. McClain, Cuyahoga County Court of Common Pleas Case No. CR-383446, applicant, James McClain, was convicted of aggravated murder with a firearm specification and having a weapon while under disability. This court affirmed that judgment in State v. McClain (Mar. 15, 2001), Cuyahoga App. No. 77740, The Supreme Court of Ohio dismissed McClain's appeal to that court for the reason that no substantial constitutional question existed. State v. McClain (2001),92 Ohio St.3d 1443, 751 N.E.2d 482 [Supreme Court of Ohio Case No. 01-872].
{¶ 2} McClain has filed with the clerk of this court an application for reopening. McClain asserts that he was denied the effective assistance of appellate counsel because of various aspects of the jury instructions and comments by the prosecution. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
{¶ 3} Initially, we note that the affidavit of counsel accompanying the application is not sufficient to comply with App.R. 26(B)(2), which provides, in part:
{¶ 4} (2) An application for reopening shall contain all of the following:
{¶ 5} * * *
{¶ 6} (d) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record * * *.
{¶ 7} In the operative portion of counsel's affidavit in support of the application, counsel averred:
{¶ 8} Affiant states that in his professional opinion the errors numerated in the Application to Reopen should have been presented in the original appeal; that these issues were apparent from the reading of the record in this case including the transcript of proceedings; that by virtue of the omission to present these claims defendant was denied the effective assistance of counsel on appeal and that his appeal was prejudiced by reason of the omissions to present this claim.
{¶ 9} Application, Affidavit, par. 3. This language is comparable to that which this court held to be insufficient in State v. Qunnie (July 9, 1998), Cuyahoga App. No. 72580, reopening disallowed (Dec. 21, 2000), Motion No. 13499, at 4, et seq., appeal dismissed sub nom. State v.Quinnie (2001), 91 Ohio St.3d 744 N.E.2d 1195, and in State v. Johnson
(Dec. 14, 1998), Cuyahoga App. No. 72541, reopening disallowed (May 27, 1999), Motion No. 4430, at 6-7, appeal dismissed (1999),86 Ohio St.3d 1464, 715 N.E.2d 566. The affidavit accompanying McClain's application is not sufficient to constitute a sworn statement.
{¶ 10} We also deny the application on the merits. Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that McClain has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). InState v. Spivey (1998), 84 Ohio St.3d 24, 701 N.E.2d 696, the Supreme Court specified the proof required of an applicant:
{¶ 11} In State v. Reed (1996), 74 Ohio St.3d 534, 535,660 N.E.2d 456, 458, we held that the two-prong analysis found in Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.
{¶ 12} Id. at 25. McClain cannot satisfy either prong of theStrickland test. We must, therefore, deny the application on the merits.
{¶ 13} McClain was convicted of the murder of Orlando Martin, who both purchased and sold large quantities of cocaine. Earlier in the evening on which Martin was killed, Martin arranged by cell phone to buy four kilos of cocaine from McClain, Martin retrieved a bag containing one hundred thousand dollars from his sister, and Martin transferred the cash into a department store bag.
{¶ 14} Martin was in his vehicle parked in front of a house when a second car pulled up. Fifteen-year-old John Cook was nearby with a group of youngsters and noticed that the second vehicle was an older, gray Oldsmobile Ninety-Eight. A person, whom Cook identified while reviewing a photographic array and at trial as McClain, exited the second car and entered Martin's vehicle. Martin fell out of the vehicle after witnesses heard a gunshot. The assailant exited Martin's vehicle and fired more shots into Martin as he lay in the street. The assailant pulled three department store bags from Martin's vehicle, dropped one, and left with the other two.
{¶ 15} When the driver of the Oldsmobile put the car in gear, the young people scattered. Cook had just come out of hiding when he saw the Oldsmobile. "The driver, whom Cook later identified as appellant, took aim at the young man as the vehicle came near and pulled the trigger of the gun. Cook heard the click as the firing pin hit an empty chamber before he again fled." State v. McClain (Mar. 15, 2001), Cuyahoga App. No. 77740, at 5.
{¶ 16} In his first assignment of error, McClain contends that appellate counsel should have asserted trial counsel's failure to request a limiting instruction regarding his prior conviction for drug trafficking as a ground for appeal. On direct appeal, however, appellate counsel did assign the ineffectiveness of trial counsel as error and specifically argued that trial counsel did not "request a limiting instruction on the introduction of evidence of appellant's prior conviction." State v. McClain (Mar. 15, 2001), Cuyahoga App. No. 77740, at 1. This court found that trial counsel's decision was based on strategy:
{¶ 17} [A]lthough appellant challenges counsel's effectiveness based upon counsel's allowing proof of appellant's prior conviction to be presented to the jury without any restriction, a review of the record demonstrates this was a calculated tactical decision. Counsel obviously realized proof of appellant's prior conviction was an essential element of R.C.2923.13 [having a weapon while under disability]; therefore, its introduction was inevitable. Counsel chose to use the existence of that single offense to remind the jury as he cross-examined the state's witnesses both that appellant had absolutely no history of violent physical crimes and that the state could neither produce the murder weapon nor prove appellant possessed a weapon.
{¶ 18} In the face of the overwhelming evidence of appellant's guilt in this case, counsel cannot be faulted for adopting this strategy. See, e.g., State v. Braxton (1995), 102 Ohio App.3d 28,656 N.E.2d 970.
{¶ 19} The record reflects trial counsel was fully prepared, diligent and thoroughly capable in his representation of appellant; therefore, appellant cannot sustain his burden to prove counsel provided constitutionally ineffective assistance.State v. Bradley [(1989), 42 Ohio St.3d 136, 538 N.E.2d 373].
{¶ 20} State v. McClain (Mar. 15, 2001), Cuyahoga App. No. 77740, at 15-16.
{¶ 21} McClain has already assigned and argued the ineffective assistance of trial counsel as error. As a consequence, res judicata bars McClain from maintaining an assignment of error asserting the ineffectiveness of trial counsel. See, e.g., State v. Woodard (Apr. 23, 1992), Cuyahoga App. No. 61171, reopening disallowed (Sept. 18, 2001), Motion No. 23121 at 7-12, appeal pending as Supreme Court of Ohio Case No. 01-1840.
{¶ 22} Res judicata also applies with respect to the application in its entirety. Paul Mancino, Jr., is representing McClain in the application for reopening and filed a direct appeal to the Supreme Court of Ohio. Current counsel Mancino did not, however, represent McClain in his direct appeal to this court. This court has previously held that res judicata bars reopening when new counsel — that is, counsel who did not appear before the court of appeals — represents an applicant in an appeal to the Supreme Court of Ohio. The reason is that, in a discretionary appeal to the Supreme Court, new counsel could have raised discretionary appeal to the Supreme Court the issue of ineffective assistance of appellate counsel.
{¶ 23} As this court previously explained:
{¶ 24} The principles of res judicata may be applied to bar the further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal. See generally State v. Perry (1967), 10 Ohio St.2d 175, 22 N.E.2d 104, paragraph nine of the syllabus. Claims of ineffective assistance of appellate counsel in an application for reopening may be barred by res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992), 63 Ohio St.3d 60, 66,584 N.E.2d 1204.
{¶ 25} State v. Williams (Mar. 4, 1991), Cuyahoga App. No. 57988, reopening disallowed (Aug. 15, 1994), Motion No. 52164.
{¶ 26} State v. Kaszas (Sept. 21, 1998), Cuyahoga App. Nos. 72546 and 72547, reopening disallowed (Aug. 14, 2000), Motion No. 16752, at 3-4. Likewise, this court has held that res judicata bars reopening where a timely application for reopening has been filed and the Supreme Court of Ohio has dismissed applicant's appeal of the conviction. State v.Bluford (Dec. 9, 1999), Cuyahoga App. No. 75228, reopening disallowed (May 31, 2000), Motion No. 15241, at 2-3 [pro se appeal to the Supreme Court of Ohio dismissed in State v. Blufford (2000), 89 Ohio St.3d 1488, ___ N.E.2d ___, (no substantial constitutional question and discretionary appeal, if applicable, not allowed)]. See, also, State v. Siller (Oct. 28, 1999), Cuyahoga App. No. 75139, reopening disallowed (Oct. 25, 2000), Motion No. 14401, at 3.
{¶ 27} The principles of res judicata may be applied to bar the further litigation in a crimina1 case of issues which were raised previously or could have been raised previously in an appeal. See generally State v. Perry (1967), 10 Ohio St.2d 175,22 N.E.2d 104, paragraph nine of the syllabus. Claims of ineffective assistance of appellate counsel in an application for reopening may be barred by res judicata unless circumstances render the application of the doctrine unjust. State v.Murnahan (1992), 63 Ohio St.3d 60, 66, 584 N.E.2d 1204.
{¶ 28}
{¶ 29} State v. Williams (Mar. 4, 1991), Cuyahoga App. No. 57988, reopening disallowed (Aug. 15, 1994), Motion No. 52164. In light of the overwhelming evidence of McClain's guilt, the application of the doctrine of res judicata in this case is not unjust.
{¶ 30} In his second assignment of error, McClain contends that the state used his prior conviction to "impugn defendant who did not testify." Application, at 2. Specifically, McClain argues that he is entitled to reopening because of the following statement by the prosecutor during closing argument: "We know Mr. McClain is in the drug business. It's right here, (indicating). He is certified by the State of Ohio as a drug trafficker." Tr. at 637. McClain asserts that this statement is plain error.
{¶ 31} McClain acknowledges that trial counsel did not object to the state's argument. "Thus if an error had been committed, such error had been waived and could only be reviewed on a plain error analysis. Such an argument could succeed only if there was a clear miscarriage of justice. State v. Underwood (1983), 3 Ohio St.3d 12, 444 N.E.2d 1332."State v. Taylor (Oct. 17, 1996), Cuyahoga App. No. 69843, reopening disallowed (Oct. 20, 1999), Motion No. 5439, at 16, appeal dismissed (2000), 88 Ohio St.3d 1413, 723 LT.E.2d 119.
{¶ 32} The conduct of a prosecuting attorney during the course of trial cannot be made a ground for error unless that conduct deprived the defendant of a fair trial. State v. Papp (1978),64 Ohio App.2d 203, 412 N.E.2d 401. In addition, another factor to be considered in determining whether the prosecutor's actions constituted misconduct is whether the remarks prejudicially affected substantial rights of the defendant. State v. Smith
(1984), 14 Ohio St.3d 13, 470 N.E.2d 883.
{¶ 33} State v. Brooks (Aug. 15, 1985), Cuyahoga App. No. 48914, reopening disallowed (Nov. 9, 2000), Motion No. 19635, at 4, affirmed (2001), 92 Ohio St.3d 537, 751 N.E.2d 1040. In light of this court's review of the record on direct appeal and conclusion noted above that the evidence of McClain's guilt was overwhelming as well as his stipulation to his conviction for drug trafficking, we cannot conclude that the prosecution's allusion to McClain as a "drug trafficker" effected a clear miscarriage of justice or deprived McClain of a fair trial. As a consequence, we cannot conclude that the absence of an objection to the prosecution's statement constituted either deficient performance or prejudice.
{¶ 34} In his third assignment of error, McClain argues that his appellate counsel was ineffective for failing to assign as error that the trial court did not give an alibi instruction. McClain filed a notice of alibi prior to trial. Also, his grandmother testified that he returned to her house where she was hosting a birthday party at 9:30 p.m. on the evening when the victim was murdered at approximately 9:45 p.m.
{¶ 35} Initially, we note that McClain's trial counsel did not object to the jury instructions. In Parma v. Cosic (Mar. 30, 2000), Cuyahoga App. No. 76034, Cosic also filed a notice of alibi and presented an alibi witness. The Cosic court rejected the appellant's reliance onState v. Bridgeman (1977), 51 Ohio App.2d 105, 366 N.E.2d 1378, in which this court held that the failure of the trial court to instruct on alibi despite a timely notice of alibi and alibi testimony constituted plain error. McClain also relies on Bridgeman. The Cosic court observed, however, that Bridgeman preceded the "more restrictive interpretation of the `plain error doctrine'" in State v. Long (1978), 53 Ohio St.2d 91,372 N.E.2d 804.
{¶ 36} This court has since followed the reasoning as set forth in [State v. Sims (1982), 3 Ohio App.3d 331, 335, 445 N.E.2d 245] and has held that "where the record supports a finding of guilt beyond a reasonable doubt and appellant cannot show that the result would have been different had the jury been instructed on the defense of alibi, the failure to instruct is not reversible error. State v. Griffin, 1988 Ohio App. LEXIS 3467 (Aug. 25, 1988), Cuyahoga App. No 54238; State v. Wylie (Oct. 25, 1984), Cuyahoga App. No. 48012, State v. Mitchell (1989),60 Ohio App.3d 106, 108. In Mitchell, as here, the defendant filed a notice of alibi and relied upon it for his defense. Moreover, Mitchell requested an alibi instruction and objected to its denial, unlike the circumstances in the matter sub judice. Even so, the Mitchell court found that it was not unreasonable for the jury to disbelieve the alibi and find the defendant guilty beyond a reasonable doubt and held "whether or not an alibi instruction is requested, the failure to give such an instruction is harmless error when the evidence clearly supports a guilty verdict beyond a reasonable doubt." Id. at 109.
{¶ 37} In this appeal, we have found that appellant's conviction was supported by the manifest weight of the evidence. Further, in this appeal, appellant has failed to demonstrate that the error committed by the trial court in omitting a jury instruction on alibi rises to the level of plain error where he has failed to show that but for this error the outcome of his trial clearly would have been otherwise. Therefore, although the trial court erred in failing to deliver an alibi instruction, we find the omission of this instruction under the circumstances of this case did not constitute plain error.
{¶ 38} Cosic, supra, at 21-22.
{¶ 39} Similarly, this court on direct appeal determined that the evidence of McClain's guilt was overwhelming. In light of this evidence and McClain's failure to demonstrate that inclusion of an alibi instruction would have affected the outcome of his trial, we cannot conclude that the absence of an alibi instruction provides a ground for reopening.
{¶ 40} In his fourth assignment of error, McClain complains that the following jury instruction "diluted" the element of intent with respect to the charge of aggravated murder:
{¶ 41} When the central [idea], essence or gist of the offense is a prohibition or forbidding of conduct of a certain nature, a person acts purposely if his specific intention was to engage in conduct of that nature regardless of what he may have intended to accomplish by his conduct.
{¶ 42} Tr. at 701-702.
{¶ 43} In State v. Jordan (Apr. 29, 1999), Cuyahoga App. No. 73453, appeal dismissed (1999), 86 Ohio St.3d 1488, 716 N.E.2d 721, the appellant was convicted of aggravated murder. The charge to the jury included an instruction which was almost verbatim that which McClain challenges. Id. at 57. Jordan also challenged the instruction as having "improperly diluted the specific intent requirement." Id. This court rejected Jordan's contention:
{¶ 44} This court recently addressed a similar argument in Statev. Parker, 1998 Ohio App. LEXIS 1507 (April 9, 1998), Cuyahoga App. No. 71474, in which the court stated as follows:
{¶ 45} * * * defendant asserts that the trial court erred by instructing the jury that defendant was "responsible for the natural and foreseeable consequences that follow" from his actions, as this instruction permitted the jury to convict defendant of aggravated murder on a finding of less than specific intent.
{¶ 46} With regard to the substantive merit of this claim, this court in State v. Jacks (1989), 63 Ohio App.3d 200, 205,578 N.E.2d 512, condemned use of the foreseeability instruction where specific intent must be proven by the state as it may undercut the mens rea for murder. However the supreme court has determined that the jury instructions must be viewed as a whole and will not be reversed if they, in their entirety, "make clear that the jury must find purpose to kill in order to convict."State v. Phillips (1995), 74 Ohio St.3d 72, 100, 656 N.E.2d 643; quoting State v. Burchfield (1993), 66 Ohio St.3d 261, 262-263,611 N.E.2d 819.
{¶ 47} 1998 Ohio App. LEXIS 1507 at *1718.
{¶ 48} This court's reasoning in Parker, supra, is applicable to the instant case. The instructions, as a whole, clearly informed the jury that it had to find defendant-appellant acted with the specific intent to kill Raymond Harris in order to find defendant-appellant guilty of aggravated murder. The trial court instructed the jury that intent to kill is an essential element of the crime of aggravated murder. A review of the entire charge demonstrates that the trial court adequately conveyed to the jury that it had to find defendant-appellant had the specific intent to kill. In addition, defendant-appellant has failed to demonstrate that the outcome of the trial would have been different, but for the disputed instruction. See State v.Jenkins (Dec. 24, 1997), Cuyahoga App. No. 68961.
{¶ 49} Jordan, supra, at 57-59.
{¶ 50} Likewise, in this case, the trial court instructed the jury regarding specific intent. Tr. 701-702. McClain does not contest the propriety of the instructions in toto. Additionally, he has not demonstrated that the outcome would have been different if the trial court had not given the challenged instruction. As a consequence, McClain's fourth assignment of error does not provide a basis for reopening.
{¶ 51} In his fifth assignment of error, McClain contends that the following instruction constituted an impermissible mandatory presumption:
{¶ 52} Dangerous weapon. If a wound is inflicted upon a person with a deadly weapon in a manner calculated to destroy life and/or inflict great bodily harm, the purpose to cause the death may be inferred from the use of a weapon.
{¶ 53} Tr. at 702.
{¶ 54} In State v. Gregley (Dec. 16, 1999), Cuyahoga App. No. 75032, delayed appeal denied (2000), 88 Ohio St.3d 1514, 728 N.E.2d 402, the trial court gave a similar instruction.[1] Gregley challenged the instruction on the same basis as McClain: that the instruction constituted an impermissible mandatory presumption.
{¶ 55} In State v. Stoudemire (1997), 118 Ohio App.3d 752,694 N.E.2d 86, we considered an identical instruction in the context of plain error. We stated:
{¶ 56} In State v. Montgomery (1991), 61 Ohio St.3d 410,575 N.E.2d 167, the court upheld the validity of this instruction. The court found that the words "may be" modified the word "inferred" to such an extent that "no reasonable jury could have felt compelled to presume intent on the basis of the trial judge's instruction." Id. at 415, 575 N.E.2d at 172; see, also, State v. Taylor, 1995 Ohio App. LEXIS 4998, *32 (Nov. 9, 1995), Cuyahoga App. No. 65711, 1995 WL 663267. We find no plain error in this instruction.
{¶ 57} Stoudemire, 118 Ohio App. 3d at 761.
{¶ 58} Defendant did not object to the court's instruction and, like Stoudemire, we find no plain error.
{¶ 59} Gregley, supra, at 10-11.
{¶ 60} As noted above, McClain's trial counsel also did not object to the instructions. In light of Stoudemire and Montgomery, we must also conclude that McClain was not prejudiced by the absence of this assignment of error on direct appeal. As a consequence, McClain's fifth assignment of error does not provide a basis for reopening.
{¶ 61} In his sixth assignment of error, McClain contends that the following instruction was error because it permitted him to be convicted for an intervening act of a third person:
 {¶ 62} The defendant is responsible for the natural consequences of the defendant's unlawful act or failure to act even though death to a person was also caused by the intervening act or failure to act of another person or agency.
{¶ 63} Tr. at 704.
{¶ 64} In State v. Baksi (Dec. 23, 1999), Trumbull App. No. 98-T-0123, appeal dismissed (2000), 88 Ohio St.3d 1496, 727 N.E.2d 921, Baksi was convicted of involuntary manslaughter, corrupting another with drugs and trafficking in heroin. Baksi complained that the trial court did not give the instruction on intervening cause which Baksi requested. The trial court gave the following instruction:
 {¶ 65} "Intervening causes: The defendant is responsible for the natural consequences of the defendant's unlawful act or failure to act even though death or physical harm to the person was also caused by an intervening act or failure to act of another person."
{¶ 66} Baksi, supra, at 37. The Baksi court observed that the instruction given by the trial court in that case "is a verbatim recitation of the intervening causes instruction in 4 Ohio Jury Instructions (1997), Section 409.56, at 65." Id.
{¶ 67} Because McClain's trial counsel did not object to the jury instructions, McClain cannot maintain this assignment of error unless it constitutes plain error. McClain contends that this instruction permitted the jury to find him guilty of the conduct of another person without McClain's committing a voluntary act or having actual knowledge. McClain has not, however, provided this court with any controlling authority that the instruction was error. As a consequence, McClain's sixth assignment of error does not provide a basis for reopening.
{¶ 68} In his seventh assignment of error, McClain contends that the following instruction was error:
 {¶ 69} Cause. The State charges that the act or failure to act of the defendant caused death to a person. Cause is an essential element of the offense of aggravated murder. Cause is an act or failure to act which in a natural and continuous sequence directly produces the death to a person and without which it could not have or would not have occurred.
{¶ 70} Natural consequence. The defendant's responsibility is not limited to the immediate or most obvious result of the defendant's act or failure to act. The defendant is also responsible for the natural and foreseeable consequences or results that follow in the ordinary course of events from the act or failure to act.
{¶ 71} There may be one or more causes of an event; however, if a defendant's act or failure to act was one cause, then the existence of other causes is not a defense.
{¶ 72} Tr. 703-704. McClain argues that the use of the words "failure to act" eliminates the element requiring that the defendant cause the death. Addition, ally, McClain contends that the instruction should include the following language from former R.C. 2903.01(D): "or because the offense and the manner of its commission would be likely to produce death * * *."
{¶ 73} The Supreme Court of Ohio rejected a comparable argument inState v. Jalowiec (2001), 91 Ohio St.3d 220, 744 N.E.2d 163. Jalowiec was convicted of aggravated murder and sentenced to death for the murder of a police informant, Ronald Lally, to prevent him from testifying in a criminal proceeding. Lally made a controlled buy of crack cocaine from Danny Smith and his father, Raymond Smith, which resulted in the Smiths being arrested and charged with aggravated trafficking.
{¶ 74} In Proposition of Law XIII, Jalowiec argues that it was impossible to reconcile the specific-intent requirement of former R.C. 2903.01(D), 139 Ohio Laws, Part I, 3-4, and the charge given to the jury. He asserts that the overall jury charge was so confusing that one simply cannot find that the jury was clearly instructed. However, Jalowiec's failure to object to the instruction waived all but plain error.
{¶ 75} The portion of the jury charge that Jalowiec claims is in conflict with former R.C. 2903.01(D) provided:
{¶ 76} `Cause' is an essential element of the offense charged in Count One.
{¶ 77} `Cause' is an act, or a failure to act, which in the natural and continuous sequence directly produces the death, and without which it would not have occurred.
{¶ 78} `Cause' occurs when the death is the natural and foreseeable result of the act, or the failure to act.
{¶ 79} The Defendant's responsibility is not limited to the immediate or most obvious result of the Defendant's act, or failure to act.
{¶ 80} The Defendant is also responsible for the natural and foreseeable consequences or results that follow, in the ordinary course of events, from the act or failure to act.
{¶ 81} We have stated that "[a] single instruction to a jury may not be judged in artificial isolation but must be viewed in the context of the overall charge." State v. Price (1979), 60 Ohio St.2d 136, 14 Ohio Op. 3d 379, 398 N.E.2d 772, paragraph four of the syllabus. Here, the overall charge indicated that the jury was required to find specific intent to kill and prior calculation and design before it could convict Jalowiec of aggravated murder. The instruction on foreseeable consequences does not constitute error, let alone plain error, since other instructions given by the court limited any prejudicial effect.State v. Getsy (1998), 84 Ohio St.3d 180, 196, 702 N.E.2d 866, 883. Accordingly, Proposition of Law XIII is overruled.
{¶ 82} Jalowiec, supra at 230-231.
{¶ 83} Likewise, McClain must demonstrate plain error to challenge effectively a jury instruction. He has not, however, demonstrated that the outcome of his trial would have been different had the jury charge been as he proposes in his seventh assignment of error. Furthermore, he has not demonstrated that the overall charge, viewed in its entirety, was insufficient to require the jury to find the requisite specific intent. As a consequence, McClain's seventh assignment of error does not provide a basis for reopening.
{¶ 84} In his eighth assignment of error, McClain argues that he was denied effective assistance of counsel because the trial court did not give an instruction on identification testimony. McClain asserts that the testimony was crucial and that his trial counsel was ineffective for failing to request an instruction on identification.
{¶ 85} The state correctly argues that res judicata bars McClain from asserting the ineffective assistance of trial counsel. See the discussion of McClain's first assignment of error above. Furthermore, McClain has not demonstrated that the circumstances presented in this case require an instruction on identification testimony. In State v.Martin (Oct. 28, 1999), Cuyahoga App. No. 73456, Martin argued that
 {¶ 86} the trial court abused its discretion when it refused appellant's request for a specific instruction based upon United States v. Telifaire (D.C. Cir. 1972), 152 U.S. App. D.C. 146, 469 F.2d 552 concerning eyewitness identification. Instead, the trial court relied upon standard Ohio jury instructions. A review of the record supports the trial court's decision.
 {¶ 87} The Ohio Supreme Court discussed Telefaire in State v. Guster (1981), 66 Ohio St.2d 266, 421 N.E.2d 157, and its syllabus stated the following:
{¶ 88} A trial court is not required in all criminal cases to give a jury instruction on eyewitness identification where the identification of the defendant is the crucial issue in the case and is uncorroborated by other evidence. A trial court does not abuse its discretion in deciding that the factual issues do not require, and will not be assisted by, the requested instructions, and that the issue of determining identity beyond a reasonable doubt is adequately covered by other instructions.
{¶ 89} (Emphasis added.)
 {¶ 90} Especially in a case where both the eyewitness identification is reliable and there is no need of such further specific instruction, the trial court is within its discretion to refuse such a request by the defendant. State v. Coffman (1984), 16 Ohio App.3d 200, 475 N.E.2d 139; State v. Wells (Feb. 4, 1994) Cuyahoga App. No. 64575.
{¶ 91} Id. at 19-20.
{¶ 92} McClain also relies on Telfair and Guster. Yet, as was the case in Martin, McClain has not demonstrated that the absence of an identification instruction is error. On direct appeal, McClain's counsel assigned as error that trial counsel was ineffective for failing to file a motion to suppress the out-of-court photographic array identification and the in-court identification.
 {¶ 93} [A] review of the totality of the circumstances reveals Cook's identification of appellant was reliable. State v. Waddy (1992), 63 Ohio St.3d 424 at 439, 588 N.E.2d 819. Cook twice had a clear view of appellant's face from a relatively short distance away. In addition, appellant's action after the murder toward Cook in pointing the murder weapon and pulling its trigger was a memorable event that frightened Cook even three months later.
 {¶ 94} Although the length of time between the incident and the confrontation was attenuated, Det. King testified Cook chose appellant's photograph from the array without hesitation. Moreover, Cook was very positive in his identification of appellant.
 {¶ 95} * * * [T]he record reveals Cook's identification of appellant was neither the result of an impermissibly suggestive confrontation nor unreliable * * *.
{¶ 96} State v. McClain (Mar. 15, 2001), Cuyahoga App. No. 77740, at 13-14. Because of the standard articulated in Martin, supra, because of the reliability of Cook's identification of McClain, and because of McClain's failure to demonstrate that the other instructions do not adequately cover the issue of determining identity beyond a reasonable doubt, we cannot conclude that the absence of an instruction on identification testimony provides a basis for reopening.
{¶ 97} As a consequence, McClain has not met the standard for reopening. Accordingly, the application for reopening is denied.
ANN DYKE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] The instruction was identical except for the absence of the word "and" in the phrase "to destroy life and/or inflict great bodily harm."