THE STATE OF OHIO, APPELLEE, v.
SIMS, APPELLANT.

(No. 43539—Decided January 7, 1982.)

*Mr. John T. Corrigan,* prosecuting attorney, for appellee.
*Ms. Kathy L. Moore,* for appellant.

JACKSON, C.J. Appellant was indicted for aggravated robbery and felonious assault of one Larry Henry; he was found not guilty of aggravated robbery and guilty of felonious assault. He appeals to this court, assigning three errors for our review.[1]

The principal evidence adduced by the state was the testimony of the victim, Larry Henry. Mr. Henry stated that on the morning of April 28, 1980, appellant Sims robbed him at gunpoint, then shot him as he fled down the street. Mr. Henry expressed no doubt about the identity of his assailant; he had known Sims for approximately five years.[2] He told the police who responded to the scene that Sims had shot him. Henry was then hospitalized with a gunshot wound to the leg. On May 8, 1980, Henry saw Sims on the street; he flagged down a police car, and went to

---

[1] First Assignment of Error
"The trial court erred in permitting the introduction of evidence regarding the date the state received appellant's notice of alibi because the prejudicial impact of the evidence substantially outweighed its probative value."

Second Assignment of error
"The introduction of evidence regarding

the date the state received appellant's notice of alibi violated appellant's privilege against self-incrimination and his right to due process of law."

Third Assignment of Error
"Appellant was denied due process of law by the trial court's failure to instruct the jury on the defense of alibi."

[2] Diane Evans, who testified for the defense, stated that Henry and Henry's wife had previously lived with her and the appellant for three or four months.

Sims' residence. Sims at first gave the police a fictitious name, but eventually produced documents identifying himself as Ricardo Sims. Henry testified that as the police took Sims to their car, Sims said that "next time he was going to shoot to kill."

The police who came to the scene immediately after the shooting, and the officers who arrested Sims, corroborated Henry's testimony that he was wounded in the leg, that he identified Sims as the gunman, and that at his arrest Sims threatened to shoot Henry again.

Appellant did not take the stand, but did adduce evidence of alibi. His girlfriend, Diane Evans, and a friend, Leroy Kirkham, testified that appellant was home in bed at the time of the shooting. In addition, Diane Evans and another friend, Michael King, testified that on two occasions Mr. Henry admitted to them that he was "mistaken" about appellant's involvement, and that he would sign a statement to such effect. Diane Evans and appellant's sister, Evette Jones, testified that they were present at appellant's arrest and that appellant, at that time, denied having shot Henry, and did not threaten to shoot Henry again.[3]

On rebuttal, the prosecutor recalled Detective Paul Montiejunas to the stand, purportedly in order to explain that the police were unable to investigate the alibi defense because the appellant's notice of alibi was not filed promptly after his arrest. Detective Montiejunas' testimony on rebuttal is reproduced in full below:

"[The Prosecutor] Detective, during the course of your further investigation of this case, did there come a time when you received a Defense notice of alibi in the case?

"A. Yes, I did.

"Q. And when did you receive that, sir?

"MR. GROSS: Objection.

"THE COURT: Overruled.

"A. October 30th of 1980.

"Q. Sir, what is the date of the alleged crimes in this case?

"A. April 28, 1980.

"Q. And in terms of months, how many months later was it that you received a Defendant's Motion of Alibi?

"A. Six months later.

"Q. All right.

"Sir, what is your purpose, or what is the purpose in your being given copies?

"MR. GROSS: Objection.

"Q. Of Defendant's Motion of Alibi?

"THE COURT: Overruled.

"A. It's the purpose to check the said alibi as to the truth of it.

"Q. All right, and, sir, can you tell us what would have been the value of receiving a Defendant's Notice of Alibi six months after the alleged crimes?

"A. In my opinion, none.

"MR. TREMSON: Nothing further of this witness, Your Honor.

"THE COURT: Any questions?

"[Defense Counsel] Detective, to your knowledge, was Notice of Alibi given at an improper time?

"MR. TREMSON: Objection.

"THE COURT: You may answer.

"A. I wouldn't say improper time, but it was late in the investigation.

"Q. Nothing legally late about it?

"A. It's not illegal no sir."

REDIRECT EXAMINATION

"BY MR. TREMSON:

"Q. Detective, what would have been its value to you?

"A. I could see no value."

In order to interpose the defense of

---

[3] Diane Evans also stated that when appellant was being arrested she told the police that he was with her when the shooting occurred, even though the police had not told her the date of the crime. On rebuttal, a policeman confirmed that she was not informed of the date of the offense at the time of the arrest, and denied that Ms. Evans told him that the appellant had been with her.

alibi, a criminal defendant is obliged to file a notice of alibi at least seven days before trial. Crim. R. 12.1.[4] The appellant's notice of alibi was filed October 23, 1980, more than three months before trial, obviously well within the required time.[5]

In his first two assigned errors the appellant contends that Detective Montiejunas' testimony on rebuttal was erroneously admitted into evidence, and that his conviction should therefore be reversed. For the reasons set forth below, we are persuaded that the introduction of evidence concerning the date that appellant's notice of alibi was filed constituted error.

To adduce evidence showing that a notice of alibi was not filed promptly after an arrest is, in essence, to adduce evidence concerning the prior silence of the accused. The United States Supreme Court, in Doyle v. Ohio (1976), 426 U.S. 610, unequivocally held that the introduction of evidence of the fact that the defendant remained silent violates the defendant's right to due process of law, unless such evidence is probative of guilt.[6]

Counsel for the state contends in his appellate brief, that the date that the defense filed the notice of alibi is relevant to the issue of guilt:

"The filing date of a notice of alibi is relevant in a case involving this defense. A filing date close to the time of the crime tends to show its validity and allows effective investigation thereof. The opposite situation prevails in the case of a late filing date."

The prosecutor advanced this same proposition in oral argument before this court.

We are persuaded that when a notice of alibi has been timely filed, the date of filing is not relevant to the determination of guilt absent special circumstances. Such circumstances were present in the case of State v. Sims (1981), 3 Ohio App. 3d 321, wherein it was held not to be error for the prosecutor to adduce evidence about, and to comment upon, the defendant's failure to file a notice of alibi at an earlier date. The defendant in that case (who is the appellant in the case at bar) failed to appear for trial on the first scheduled trial date. He was rearrested, and on the day of his second scheduled trial, he requested and was granted a continuance. He did not file a notice of alibi before either of the first two scheduled trial dates. Under Crim. R. 12.1, a defendant may be precluded from presenting a defense of alibi unless a notice of alibi is filed at least seven days before trial. It could reasonably be inferred from defendant's failure to file the notice of alibi before the two previous trial dates that the alibi defense that was ultimately presented was fabricated. This court held that under those circumstances, the introduction of evidence of the date of filing

---

[4] Crim. R. 12.1 provides:

"Whenever a defendant in a criminal case proposes to offer testimony to establish an alibi on his behalf, he shall, not less than seven days before trial, file and serve upon the prosecuting attorney a notice in writing of his intention to claim alibi. The notice shall include specific information as to the place at which the defendant claims to have been at the time of the alleged offense. If the defendant fails to file such written notice, the court may exclude evidence offered by the defendant for the purpose of proving such alibi, unless the court determines that in the interest of justice such evidence should be admitted."

[5] Trial was originally scheduled for November 17, 1980, but was continued at the request of defense counsel. The notice of alibi was thus timely filed with respect to the original trial date, as well as the eventual trial date.

[6] In Jenkins v. Anderson (1980), 447 U.S. 231, the court stated that where the defendant takes the stand at trial, he waives his Fifth Amendment privilege against self-incrimination; the court reiterated, however, that evidence of prior silence is not admissible, even if the defendant testifies, unless such evidence is probative of guilt.

of the notice of alibi was probative of guilt, and that such evidence was therefore admissible and did not constitute a violation of defendant's right to due process of law. Ruling was expressly reserved on the question of whether evidence or comment upon the date of filing constitutes error, *in the absence of special circumstances making such evidence probative of guilt.*

In the case at bar, no trial dates passed before the notice of alibi was filed. Appellant was not obligated to file the notice of alibi until seven days before trial. It would not be reasonable to infer that the appellant's alibi is false, simply because notice of alibi was not filed promptly after this arrest. Accordingly, in the case at bar, it was error for the trial court to permit the prosecution to adduce evidence regarding the date that the notice of alibi was filed.

While this court is persuaded that the trial court erred, we are not convinced that the admission of Detective Montiejunas' testimony on rebuttal requires reversal of the appellant's conviction. No other evidence of the date of filing was introduced. This evidence was not mentioned to the jury in closing argument, nor were any inferences drawn therefrom. Detective Montiejunas did not expressly testify, and the prosecutor did not expressly argue to the jury, that appellant's failure to file the notice of alibi at an earlier date cast doubt on the credibility of the defense. Just as significant is the fact that the state's eyewitness was very familiar with the accused; in these circumstances, there is no possibility of an inadvertent misidentification. We are persuaded, beyond a reasonable doubt, that in this case the admission of evidence regarding the date that notice of alibi was filed was harmless error. Cf. *State* v. *Bayless* (1976), 48 Ohio St. 2d 73 [2 O.O.3d 249].

The prosecution is sternly cautioned, however, that the use of this trial tactic will result in the reversal of criminal convictions in cases where the evidence of guilt is less strong, or where the prosecution explicitly draws the inference of guilt from the mere fact that the notice of alibi, though timely, was filed close to the time of trial. Criminal defendants are entitled to file a notice of alibi *at any time* prior to and including seven days before trial. No inference of guilt can be drawn from the mere fact that a defendant has chosen to wait until the last moment to file said notice. This court is aware that the county prosecutors have now been responsible, in at least two cases, for introducing into evidence the dates of filing notices of alibi by defendants. With its decisions in the case at bar and the earlier *Sims* case this court has established guidelines for the use of said evidence. If these guidelines are followed, possible reversals of criminal convictions and consequent additional expenditures of taxpayers' funds for a second trial can be avoided.

The first and second assigned errors are overruled.

In his third assigned error, appellant notes that the trial court neglected to instruct the jury on the defense of alibi. Appellant failed to object to this omission, as required by Crim. R. 30.[7] Crim. R. 52(B),[8]

---

[7] Crim. R. 30 provides:

"At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. Copies of such requests shall be furnished to all other parties at the time of making such requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. The court need not reduce its instructions to writing.

"A party may not assign as error the giving or failure to give any instructions unless he objects thereto before the jury retires to consider its verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

however, provides that an appellate court may notice errors affecting substantial rights even though such errors were not objected to by counsel. In *State* v. *Bridgeman* (1977), 51 Ohio App. 2d 105 [5 O.O.3d 275], this court of appeals held that it was plain error for a trial court not to instruct the jury on the defense of alibi, where such defense is properly raised and litigated, even though the defendant did not request such an instruction.[9] Subsequent to our decision in *Bridgeman* the Supreme Court announced a more restrictive interpretation of the plain error doctrine. *State* v. *Long* (1978), 53 Ohio St. 2d 91 [7 O.O.3d 178]. The Supreme Court held, in the syllabus of that case, as follows:

"1. Ordinarily, the failure to timely object to a jury instruction violative of R.C. 2901.05(A) [governing burden of proof of an affirmative defense] constitutes a waiver of any claim of error relative thereto. Crim. R. 30.

"2. A jury instruction violative of R.C. 2901.05(A) does not constitute a plain error or defect under Crim. R. 52(B) unless, but for the error, the outcome of the trial clearly would have been otherwise.

"3. Notice of plain error under Crim. R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."

In the case at bar, the trial court's failure to include an instruction on the defense of alibi was clearly error. It is not apparent, however, that inclusion of the instruction would have changed the outcome of the case, or that its omission caused a manifest miscarriage of justice. The defense of alibi, unlike the affirmative defense of insanity, self-defense, duress, or necessity, is not in the nature of an excuse or justification for an act ad-mittedly committed; it is instead a denial that the defendant committed the act. A trial court's instructions to the jury on alibi are little more than a reminder that evidence of alibi was introduced. A trial court's failure to charge on an affirmative defense is far more damaging to a defendant than a failure to instruct on the defense of alibi, inasmuch as the defendant could be wrongfully convicted simply because the jury found that the defendant committed the act charged, and did not reach the question of whether the act was excusable or justified. In the case of alibi, no such possibility exists; if the defendant is found, beyond a reasonable doubt, to have committed the crime, then the jury necessarily must have considered and disbelieved the evidence of alibi. The court's failure to charge the jury on alibi, though error, was not plain error, as that concept has been interpreted by the Ohio Supreme Court. The error of the trial court in failing to give this instruction, in the absence of a timely request or objection by the defense, was therefore not sufficient to require reversal of appellant's conviction. The third assigned error is overruled.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

CORRIGAN, J., concurs.

PRYATEL, J., concurs in judgment only.

### Appendix

The relevant portion of our opinion in *State* v. *Bridgeman* was as follows:

"We hold that where a defendant seasonably filed his notice of alibi, and presented his own testimony as well as that of other witnesses in its support, and

---

[8] Crim. R. 52(B) provides:

"Plain errors or defects affecting substan-tial rights may be noticed although they were not brought to the attention of the court."

[9] See Appendix.

relied upon it as the cornerstone of his defense, he was entitled to a charge on alibi. We are unable to see how a jury has received 'all matters of law necessary for the information of the jury, in giving its verdict' if a charge on alibi was omitted. We hold that such a charge is a matter of right and not of request. To fail to give such a charge is a plain error or defect affecting the defendant's substantive rights within the framework of Criminal Rule 52(B).

"In the absence of any instruction from the court on alibi, the jury may well have been left with the mistaken notion that, not having proved his alibi, the defendant was not entitled to an acquittal. Or, after the defendant offered eight witnesses in support of his defense of alibi, with the court remaining silent on the subject, the jury could have easily concluded that the alibi was not important enough for them to seriously consider it. In short, the jury may well have decided that the defense of alibi was not worth any more attention from the jury than it received from the trial court. We believe that the law should not countenance such risks.

"The court has a duty to give the jury a charge on all the law applicable to the facts of the case. In our judgment, that includes proper instructions which would fairly submit the issue of the defendant's alibi, without any special request for such instructions. It was not only fundamental to his defense but essential to a fair trial.

"We join those jurisdictions which recognize the duty of the court to instruct the jury upon the subject of alibi, with or without the request of counsel, where alibi is the defendant's sole defense and is supported by his testimony as well as by the testimony of other witnesses. * * *

"We agree that it is not enough, in criminal cases involving the life and liberty of the accused, that the law of the case be partially stated. The accused is en-

titled to all the law that the facts of the case require, and nothing short of that will satisfy the demands of justice." 51 Ohio App. 2d, at 122-123.