THE STATE OF OHIO, APPELLEE, *v.* MITCHELL, APPELLANT.

(No. 55948—Decided September 28, 1989.)

*John T. Corrigan,* prosecuting attorney, *Jack H. Hudson* and *Fedele De-Santis,* for appellee.

*Michael A. Wypasek,* for appellant.

ANN MCMANAMON, C.J. Derrick Mitchell appeals his conviction on two counts of felonious assault, two counts of kidnapping and one count of rape, all with aggravated felony specifications. His timely appeal raises two assignments of error which challenge the trial court's failure to merge the rape and kidnapping charges upon conviction and its refusal to instruct the jury on the defense of alibi. We hold these claims are not well-taken and affirm the judgment of the trial court.

Carolyn and Linda Casias maintained at trial that they were accosted, assaulted, thrown down a stairwell and, in Carolyn's case, raped by the defendant. These events occurred at approximately 10:30 p.m. on London Road, an industrial and residential area in East Cleveland on September 18, 1987. The women stated that Mitchell threatened to kill them if they did not comply with his demands and, when his car, which he had positioned against a fence, failed to start, he threatened the women's lives again before fleeing on foot.

The police ultimately located Mitchell at his mother's house by tracing the license plates on the car he abandoned.

Mitchell, on the other hand, claimed he spent the evening at area bars and his mother swore that it was she who left the car at the scene of the incident.

In his first assignment of error, the defendant contends the trial court erroneously failed to rule that rape and kidnapping are allied offenses of similar import pursuant to R.C. 2941.25(A).

R.C. 2941.25 states:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

R.C. 2907.02 defines "rape" in pertinent part as follows:

"(A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when either of the following apply:
"* * *

"(2) No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."

"Kidnapping" in pertinent part is defined in R.C. 2905.01:

"(A) No person, by force, threat, or deception * * * shall remove another from the place where he is found or restrain him of his liberty, for any of the following purposes:
"* * *

"(4) To engage in sexual activity, as defined in section 2907.01 of the Revised Code, with the victim against his will."

Kidnapping and rape are "allied offenses of similar import" pursuant to R.C. 2941.25(A) when both crimes are motivated by the same purpose or animus and rely on the same evidence and conduct. *State* v. *Donald* (1979), 57

Ohio St. 2d 73, 75, 11 O.O. 3d 242, 244, 386 N.E. 2d 1341, 1342.

To determine what constitutes separate animus, the Ohio Supreme court in *State* v. *Logan* (1979), 60 Ohio St. 2d 126, 14 O.O. 3d 373, 397 N.E. 2d 1345, syllabus, established the following guidelines:

"(a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so· as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions:

"(b) Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions."

According to the *Logan* court, the primary issue is whether the restraint or movement of the victim is significantly independent of the rape. *Id.* at 135, 14 O.O. 3d at 378, 397 N.E. 2d at 1351. In *Logan* the defendant accosted the victim on the street and forced her down an alley at knifepoint before he raped her. The court found that such slight detention and movement were incidental to the rape and did not constitute a separate animus to kidnap the victim, and so reversed that conviction. Merely pulling a woman from a car to the ground to rape her was also found to be insufficient to constitute the separate animus required to uphold a kidnapping conviction. *State* v. *Price* (1979), 60 Ohio St. 2d 136, 143, 14 O.O. 3d 379, 383-384, 398 N.E. 2d 772, 776.

In the case at bar, Mitchell pursued the victims as they walked along a

deserted street in an attempt to "get to know them better." When they refused his advances he pinned Linda Casias to a fence with his automobile, struck her, seized her throat, threw her down a stairwell, and threatened strangulation and shooting, thereby causing her serious physical injuries. He cast Carolyn Casias down the same stairwell, striking, choking and ultimately raping her. The women were held in the stairwell by threats for a significant period after Mitchell's sexual assault.

In a case similar to the one at bar (where a defendant accompanied a victim on a walk and raped her after dragging her behind a dumpster at knife-point), this court found sufficient movement to uphold separate rape and kidnapping convictions. *State* v. *Garcia* (Feb. 5, 1987), Cuyahoga App. No. 51679, unreported, at 8.

We find that Mitchell's movements with regard to both sisters subjected them to a substantially increased risk of harm separate and apart from his sexual conduct and clearly demonstrated the separate animus sufficient to sustain his convictions for both kidnapping and rape.

The defendant's first assignment of error is overruled.

In his second assignment of error the defendant asserts that the trial court erred in failing to instruct the jury on his defense of alibi.

R.C. 2945.11 requires the court to charge the jury with all the law required to return a verdict.

Where a defendant files a timely notice of alibi, presents evidence to support the contention and relies on it as his sole defense, this court has held that a trial court's failure to instruct the jury on alibi violates the mandate of R.C. 2945.11, whether or not the defendant requests such instruction. So long as the defense is supported by testimony, the court has a duty to give

an instruction and failure to do so is plain error pursuant to Crim. R. 52(B). *State* v. *Bridgeman* (1977), 51 Ohio App. 2d 105, 122, 5 O.O. 3d 275, 284, 366 N.E. 2d 1378, 1389.

This court has subsequently held, however, that though a failure to instruct a jury on the defense of alibi is error even if not requested, it is plain error only if the instruction would have altered the outcome of the case or if its omission caused a manifest miscarriage of justice. *State* v. *Sims* (1982), 3 Ohio App. 3d 331, 3 OBR 385, 445 N.E. 2d 245, paragraph two of the syllabus.

The *Sims* court reasoned that:

"* * * A trial court's instructions to the jury on alibi are little more than a reminder that evidence of alibi was introduced. * * * [I]f the defendant is found, beyond a reasonable doubt, to have committed the crime, then the jury necessarily must have considered and disbelieved the evidence of alibi." *Id.* at 335, 3 OBR at 390, 445 N.E. 2d at 250.

This court has since followed the *Sims* reasoning to hold that, where the record supports a finding of guilt beyond a reasonable doubt and the appellant cannot show that the result would have been different had the jury been instructed on the defense of alibi, the failure to instruct is not reversible error. *State* v. *Griffin* (Aug. 25, 1988), Cuyahoga App. No. 54238, unreported; *State* v. *Wylie* (Oct. 25, 1984), Cuyahoga App. No. 48012, unreported.

Where a defendant does not adduce evidence tending to show that he was elsewhere when the crime occurred, a jury instruction on alibi is not warranted. *State* v. *Ferguson* (Dec. 7, 1987), Cuyahoga App. No. 53029, unreported, at 5.

In the case at bar the defendant did file a timely notice of alibi and relied upon it for his defense. Unlike

the previously cited cases, Mitchell requested an alibi instruction and objected to its denial.

Mitchell, who had a previous conviction for felonious assault, testified that he spent the evening of September 18, 1987, beginning at 4 p.m., going back and forth between two local bars, Maxine's and the Twentieth Century. He pinpointed that, from approximately 10:15 to 2:15, he was at Maxine's. The victims allegedly began their walk about 10 p.m. and the rape and kidnapping occurred about 10:30 p.m. in the same neighborhood as Maxine's and the Twentieth Century.

Several days after her son's arrest, defendant's mother told police that it was she who abandoned the car, at the scene of the crimes, in the early evening of September 18. She specifically denied she left the car up over the curb against a fence as the police found it positioned at the scene in the early morning hours of September 19. The police description of the position of the car corroborated the victims' testimony. The mother, however, insisted at trial that she left the car next to the curb on the roadway.

Finally, the defendant's mother testified that, after she abandoned the car on London Road, she called her mechanic at about 8 o'clock that evening. In her original statement to the police she said she called the mechanic the following day, September 19. The mechanic acknowledged that he received Mitchell's mother's call between 9 and 11 p.m. on September 18, although he sent no one to pick up or move the car.

As the evidence, including that of the defendant's own witnesses, tended to contradict the defendant's alibi, it was not unreasonable for a jury to disbelieve the alibi and find the defendant guilty beyond a reasonable doubt.

We note that both victims fully described and readily identified Mitchell as their attacker in a photographic array. Maxine's bar was located in the immediate vicinity of the assaults. The defendant's credibility was further undermined when he testified he had a goatee at the time of his arrest on September 21, while his photograph, taken on that date, shows him to be clean shaven.

Whether or not an alibi instruction is requested, we hold that the failure to give such an instruction is harmless error when the evidence clearly supports a guilty verdict beyond a reasonable doubt.

This assignment is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

KRUPANSKY and DYKE, JJ., concur.