JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Leroy Banks appeals from the judgment of the common pleas court proscribing consecutive sentences pursuant to his guilty plea to two counts of rape and one count of kidnapping. On appeal, he assigns the following errors for our review:
 {¶ 2} "I. The trial court erred to defendant's prejudice by sentencing defendant to consecutive terms of prison as the offenses are allied offenses of similar import."
 {¶ 3} "II. The trial court erred in merely reading a prosecutor's police report, inaccessible to defense counsel and not conducting a fact finding hearing with victim present to determine the separate animus issue of the kidnapping count."
 {¶ 4} Having reviewed the record and pertinent law, we affirm the judgment of the court. The apposite facts follow.
 {¶ 5} The record reflects on October 1, 2001, the grand jury indicted Banks on four counts of forcible rape of a minor, one count of felonious assault, and one count of intimidation. On November 26, 2001, Banks pled guilty to two counts of rape, and one count of kidnapping. Banks also stipulated to a sexual predator classification.
 {¶ 6} On January 15, 2002, Banks was sentenced to eight years to be served concurrently for the rape offenses. He was then sentenced to eight years for the kidnapping charge to be served consecutively to the rape sentence for a total period of incarceration of sixteen years.
 {¶ 7} On January 18, 2002, Banks filed a motion to reconsider his sentence, which the trial court denied. Subsequently, Banks appealed to this court in case number 81191, arguing the trial court erred in imposing consecutive sentences on the rape and kidnapping charges because they were allied offenses of similar import. This court concluded the trial court's failure to hold a hearing and make a determination on the allied offense issue prevented review. Consequently, we vacated the sentence, and remanded the case for a hearing on the issue of allied offense.
 {¶ 8} At the re-sentencing hearing that ensued, the State put on the record that on September 18, 2001, the victim, then twelve years old, went to 7412 Cornelia Avenue, in the City of Cleveland, after school, to visit her friend Jerlyn. Upon her arrival, Banks, who was seated on the front porch, met her. The victim asked Banks if his sister, Jerlyn was home. Banks told her she was and instructed her to come into the house and then closed the door behind them.
 {¶ 9} Banks then forced the victim upstairs and into his bedroom, then closed the door behind them. He ordered her to take off her book bag, and she refused, at which time Banks placed both hands around the victim's neck and began to choke her.
 {¶ 10} Banks then took off the victim's book bag, and told her to unbutton her pants. When she refused, he continued to choke her. Banks unbuttoned the victim's pants, grabbed her by her arms and pulled her onto the bed.
 {¶ 11} Banks ordered the victim to turn over, but she refused. He then put both hands around her neck, lifted her up, and turned her over on her stomach. Banks pulled down the victim's pants and raped her anally and vaginally.
 {¶ 12} Once Banks raped the victim, he ordered her to stay in the room while he went downstairs. Banks returned to the bedroom and took the victim downstairs. He told her he could kill her now or kill her later, and threatened to kill her if she told anyone. When he saw his sister approaching the house, he ordered the victim to sit on the couch.
 {¶ 13} Once Banks' sister entered the house, she asked the victim what was wrong, and she replied she was fine. The victim and Banks' sister left the house and started walking down the street. Banks ran down the street after the two girls and told his sister nothing happened.
 {¶ 14} Banks' attorney put on the record the rape took place within a two to five minute time span in Banks' bedroom; at a time he was aware his sister would be getting out of school. His attorney stressed this was one act and thus did not deserve a consecutive sentence.
 {¶ 15} Finally, his attorney stated Banks was a first offender who had been a model prisoner since his incarceration; had obtained four certificates; and obtained his GED.
 {¶ 16} Banks addressed the court and stated he realized what he did was wrong; he was very sorry for what happened; and he was trying to get his life together.
 {¶ 17} The trial court stated it had reviewed the police report and found it substantially consistent with the pre-sentence investigation report. The trial court recounted the events of the charged crimes. The trial court made the following statement:
 {¶ 18} "Banks, who was seated on the front porch when the victim approached looking for his younger sister, lied to the victim, took her into the house, pulled her up the stairs to his bedroom. The court stated, once Banks got the victim in the bedroom, he proceeded by force to rape the victim anally and vaginally."
 {¶ 19} The court further stated after Banks raped the victim, he ordered her not to leave the bedroom; he asked her if he should kill her now or later, and that he could stuff her in his closet. Banks then left the victim in the bedroom and went downstairs. He later told the victim she could come downstairs, at which point he threatened to kill her again. The victim wanted to leave, but he again ordered her not to leave. Finally, the court stated the victim was able to leave when Banks' sister arrived home, and Banks proceeded to chase after them as they walked down the street.
 {¶ 20} The court then concluded there was a separate act of asportation by deception, along with dragging the victim from the front porch up to Banks' bedroom, thus restraining the victim's movement. The court found this act was significantly independent of the rape, demonstrating a separate animus. Consequently, on February 18, 2003, the court re-sentenced Banks to eight years concurrent time on each rape count and a consecutive sentence of eight years on the kidnapping count.
 {¶ 21} Banks now appeals his consecutive prison term arguing the trial court erred in finding the offenses were not allied offenses of similar import and failing to conduct a fact finding hearing with the victim present to determine the separate animus issue of the kidnapping count. We address both assigned errors together due to their intertwined nature.
 {¶ 22} R.C. 2941.25 provides:
 {¶ 23} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 24} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."[1]
 {¶ 25} In State v. Donald,[2] the Ohio Supreme Court held that "[k]idnapping, as defined by R.C. 2905.01(A)(4), is an `offense of similar import' to rape, as defined by R.C. 2907.02(A)(1), for purposes of application of R.C. 2941.25(A)."[3]
 {¶ 26} In State v. Logan,[4] however, the Court held that multiple convictions may be warranted under R.C. 2941.25(B). The Court stated:
 {¶ 27} "[i]n establishing whether kidnapping and another offense of the same or similar kind are committed with a separate animus as to each pursuant to R.C. 2941.25(B), this Court adopts the following guidelines:
 {¶ 28} "(a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;
 {¶ 29} "(b) Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions."[5]
 {¶ 30} The inquiry to determine whether the kidnapping was committed with a separate animus is whether the restraint or movement of the victim is merely incidental to the rape or significantly independent of the rape.[6] Factors to be taken into account include: length of restraint; location of restraint; distance of asportation; and the amount of force used and injuries caused by restraint.[7]
 {¶ 31} In State v. Mitchell,[8] the court reviewed facts similar to the present case. In Mitchell, the victims refused the defendant's advances. He then pinned them to a fence with his car; he struck and seized one of the victims by the throat; he threw one of the victims down a stairwell, and threatened to strangle and shoot them, which occurred before he raped them. The court found the defendant's movements with regard to both victims subjected them to a substantially increased risk of harm separate and apart from his sexual conduct and clearly demonstrated the separate animus sufficient to sustain his convictions for both kidnapping and rape.[9]
 {¶ 32} Likewise, in State v. Moore,[10] a victim was forcibly removed from the bus stop where she had been found by the defendant, forced to walk a block to a shed and then raped. It was held that this was sufficient asportation to constitute separate conduct of the defendant apart from the actual commission of the rape itself. In Statev. Johnson,[11] this court held a fifteen-to-twenty minute restraint was sufficient and a movement of the victim several blocks to a secluded area was substantial to constitute separate conduct from the rape.
 {¶ 33} In the instant case, the rape offense was committed after the victim had been subjected to substantial physical force. Banks lured the victim into the house by deception. Once the victim entered the house, he violently dragged her from the first floor of the house to his bedroom on the second floor upstairs and closed the door behind them. Once in the room, Banks placed both hands around the victim's neck and began to choke her. Thereafter, he proceeded to rape the victim. After the assault, Banks forbade the victim to leave the room, while threatening to kill her. Banks went downstairs while the victim remained upstairs. Banks then ordered the victim to come downstairs, and again threatened to kill her if she told anyone. It was not until his sister arrived home that the victim had the opportunity to leave the house.
 {¶ 34} We find that asportation was prolonged, substantial and significantly independent, thus subjecting the victim to increased risks of harm separate and apart from the rape, as required by the Logan,Mitchell and Moore cases, supra.[12] The two crimes were thus committed separately.[13] Consequently, the evidence was sufficient to allow the court to sentence Banks to both rape and kidnapping. Accordingly, Bank's assigned errors is overruled.
 {¶ 35} Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Ann Dyke, J., concur.
Michael J. Corrigan, P.J., concurs with separate concurring opinion.
[1] State v. Cline (Feb. 28, 1980), Cuyahoga App. No. 40446.
[2] (1979), 57 Ohio St.2d 73.
[3] Id.
[4] (1979), 60 Ohio St.2d 126.
[5] Id.
[6] Id. at 135.
[7] State v. Brown (1984), 12 Ohio St.3d 147, 151; State v. Henry
(1987), 37 Ohio App.3d 3, 9; State v. Montgomery (Mar. 4, 1993), Cuyahoga App. No. 61866.
[8] (1989), 60 Ohio App.3d 106.
[9] Id. at 108.
[10] (1983), 13 Ohio App.3d 226.
[11] (Aug. 20, 1992), Cuyahoga App. No. 61015.
[12] See, also, State v. Cox (Jan. 30, 1992), Cuyahoga App. No. 59709.
[13] See State v. Frazier (1979), 58 Ohio St.2d 253. See, also, Statev. Holt (1977), 223 Kan. 34; State v. Colbert (1976), 221 Kan. 203; Perryv. State (1976), 265 Ind. 21, 349; Bowen v. State (1975), 263 Ind. 558;State v. Gough (1962), 257 N.C. 348; Annotation, 95 A.L.R.2d 450.