OPINION *Page 2 
{¶ 1} Appellant Russell J. Renieker, Jr. appeals from his conviction and sentence in the Tuscarawas Court of Common Pleas for aggravated robbery. Appellant argues the trial court erred in instructing the jury and that the evidence was insufficient to support a conviction. The State of Ohio is the appellee.
 {¶ 2} On May 30, 2006, Kathleen Swigert, age 81, went to the New Town Mall in New Philadelphia, Ohio in Tuscarawas County. She drove into the mall parking lot and noticed a white male wearing a tank top with a lot of tattoos on his arms. T. at 140, 149. She exited her vehicle and walked toward the mall entrance. She paused to look for traffic and the next thing she recalls is being on the ground injured and bleeding. T. at 153-154. Her purse and its contents were missing. T. at 147-148. Mrs. Swigert had no idea how she was injured. T. at 154.
 {¶ 3} Allison Grove, a hostess at Applebee's at the New Town Mall, was looking out of the window of the restaurant and saw people on the ground. T. at 156. Ms. Grove witnessed a man stand up, look around and run away carrying a purse. T. at 157. She realized someone had been mugged. Id. She radioed her manager to call the police and an ambulance. Then, she went out to aid the victim. Id. Ms. Grove was close enough to identify the assailant. Id. She identified appellant as the assailant. Id. She noted that he wore a white tank top at the time of the incident. T. at 159.
 {¶ 4} Two young men, Mike Perkowski and Keene Marstrell, were exiting the mall. T. at 163, 171. Mr. Perkowski saw a man running across the parking lot and he thought it "looked like something was wrong." Id. He and Mr. Marstrell thought someone had been robbed. T. at 164, 171. Mr. Perkowski noted the man was wearing *Page 3 
a white tank top, jeans, had some facial hair and had tattoos all over his arms. T. at 165. He saw him get into a black Honda driven by a woman. Id. Mr. Perkowski positively identified appellant. T. at 166. Mr. Marstrell described the assailant as a Caucasian male having tattoos on his arms, wearing jeans and a white tank top. T. at 174. Mr. Perkowski and Mr. Marstrell got into their vehicle and followed the black Honda. T. at 164. Mr. Perkowski used his cell phone to call the police as he was following appellant. Id.
 {¶ 5} Officer Randy Williamson of the New Philadelphia Police Department was the officer on the scene. Officer Williamson gathered information from witnesses including the license plate number and description of the vehicle. T. at 181. From this information, Officer Williamson discovered the owner of the Honda lived in a duplex apartment in Dover. T. at 182. The landlord confirmed that Bobbi Abel, the owner of the black Honda, had rented the duplex from him. T. at 189-190. Officer Williamson also spoke with Jane Brinkley, Bobbi Abel's neighbor, who rented the other half of the duplex. T. at 192-193. Ms. Brinkley and Ms. Abel had been neighbors for four years. T. at 194. Ms. Brinkley testified that appellant lived with Ms. Abel. T. at 194. Ms. Brinkley also positively identified appellant for the jury. Ms. Brinkley described Ms. Abel's car as a little black Honda Civic. Id. Ms. Brinkley also testified on cross-examination that appellant had tattoos. T. at 195.
 {¶ 6} Officer Williamson testified that appellant had numerous tattoos on his arms. T. at 184. He described appellant's tattoos as tattoo sleeves, which means that the arms are covered almost completely with tattoos. T. at 188. At the State's request appellant removed his shirt in Court so the jury could observe his tattoos. T. at 224. *Page 4 
 {¶ 7} As the result of the attack, Mrs. Swigert sustained multiple serious injuries including multiple facial fractures requiring surgery, facial laceration, likely rib fracture, a shoulder injury and a knee injury. T. at 144-147.
 {¶ 8} The Tuscarawas County Grand Jury indicted appellant on one count of Aggravated Robbery in violation of R.C. 2911.01(A)(3), which states in pertinent part: (A) No person attempting or committing a theft offense as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense shall do any of the following: * * * (3) Inflict, or attempt to inflict, serious physical harm on another."
 {¶ 9} The case proceeded to a jury trial. After the State rested, no witnesses were called by the defense. The case concluded and jury instructions were requested. Defense counsel requested a special jury instruction on the issue of robbery and the element needed to be proven of "recklessly causing serious physical harm". T. at 211. The Prosecutor argued that the element of causing of serious physical harm was a strict liability issue T. at 213-214. The Court agreed and refused to give the jury instructions on recklessly causing serious physical harm. T. at 214. The jury convicted appellant of aggravated robbery.
 {¶ 10} Appellant now appeals and raises two Assignments of Error:
 {¶ 11} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY GIVING A JURY INSTRUCTION OVER OBJECTION WHICH OMITTED AN ELEMENT FO THE OFFENSE. A DEFENDANT BEING CONVICTED OF AN OFFENSE WHEREIN ALL ELEMENTS ARE NOT PROVEN BEYOND A REASONABLE DOUBT VIOLATES THE 14TH
AMENDMENT TO THE CONSTITUTION [SIC] THE 6TH AMENDMENT RIGHT TO *Page 5 
ADEQUATE ASSISTANCE OF COUNSEL AND THE 8TH AMENDMENT PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHED [SIC]."
 {¶ 12} "II. THERE WAS INSUFFICIENT EVIDENCE TO LINK THE ACCUSED AS THE PERPETRATOR OF THE ASSAULT. (A) THERE IS NO CAUSAL CONNECTION PROVEN BETWEEN THE ACCUSED AND THE INJURIES TO KATHLEEN SWIGERT. WITHOUT A CAUSAL LINK THE 14TH AMENDMENT DUE PROCESS CLAUSE IS VIOLATED AS IS THE 6TH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT."
 I. {¶ 13} Appellant contends the culpable mental state for the "serious physical harm" element of aggravated robbery under R.C. 2911.01(A)(3) is recklessness. He argues the trial court erred by failing to instruct the jury that the requisite mental state for causing "serious physical harm" is recklessness. We agree, but as discussed below, we find the error to be harmless.
 {¶ 14} Appellant's counsel requested a modification of the jury instruction to include a mental state of recklessness, citing R.C.2901.22(C): "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist." The trial court denied the request. Appellant's counsel then renewed his request after the jury instructions were read. T. at 243. Upon *Page 6 
review of the record, we find that Appellant's counsel sufficiently preserved an objection to the trial court's jury instruction.
 {¶ 15} Generally, a party is entitled to the inclusion of requested jury instructions in the court's charge to the jury "[l]f they are a correct statement of the law applicable to the facts in the case * * *.'" Murphy v. Carrollton Mfg. Co. (1991), 61 Ohio St.3d 585, 591, quoting Markus Palmer, Trial Handbook for Ohio Lawyers (3 Ed. 1991) 860, Section 36.2.
 {¶ 16} R.C. 2901.21(B) addresses those statutes that do not include a culpable mental state, such as the serious physical harm element of R.C.2911.01(A)(3). R.C. 2901.21 (B) reads: "When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in the section, then culpability is not required for a person to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense."
 {¶ 17} The Ninth District Court of Appeals held in State v.Sullivan (March 5, 1997) Summit County App. No. 17909, 1997 WL 104636, that the culpability element for aggravated robbery is reckless, as defined in R.C. 2901.22(C). The court rejected the defendant's argument that the state needed to present evidence sufficient to prove that he intended to inflict serious physical harm on the victim. Instead, the court held: "The state need only present sufficient evidence that, in inflicting serious harm on Evans, Sullivan perversely disregarded a known risk that his conduct was likely to cause *Page 7 
serious harm to befall Evans, and that Sullivan acted with heedless disregard for that result." Id.
 {¶ 18} Courts have uniformly applied `recklessly' as the standard of culpability for the infliction or attempted infliction of harm aspect of the offense. State v. Manns, 169 Ohio App.3d 687, 694, 864 N.E.2d 657,2006-Ohio-5802; State v. McSwain (1992), 79 Ohio App.3d 600, 606,607 N.E.2d 929; see, also, State v. Patterson, Washington App. No. 05CA16,2006-Ohio-1902, 2006 WL 998205; State v. Gillard (Mar. 3, 2000), Erie App. Nos. E-97-132, E-98-038, 2000 WL 234657; State v. Crawford (1983),10 Ohio App.3d 207, 208-209, 10OBR280, 461 N.E.2d312; R.C. 2901.21(B).
 {¶ 19} We therefore hold that the culpable mental state for the infliction or attempted infliction of harm aspect of the aggravated robbery offense is recklessness.
 {¶ 20} It is error for a trial court not to give a jury all instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the trier of fact. State v.Comen (1990), 50 Ohio St.3d 206, 553 N.e.2d 640. Accordingly, the trial court must give a correct jury instruction on the elements of the offense charged and all defenses raised by the evidence. State v.Williford (1990), 49 Ohio st.3d 247, 551 N.E.2d 1279.
 {¶ 21} We find that the trial court committed error in refusing to give appellant's requested instruction on recklessly as the trial court's instruction on the harm element was incomplete. But we find that the failure to give said instruction was harmless error under Crim.R. 52(A). Crim.R.52(A) provides: "Any error, defects, irregularity, or variance which does not affect substantial rights shall be disregarded." Thus, we must apply the federal test of harmless error, which is stated in Chapman v. California (1967), *Page 8 386 U.S. 18. Chapman requires that "* * * before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt. * * *" Chapman, supra, at 24. Therefore, applying the Chapman test, we must examine the entire record to determine if the evidence clearly supports a guilty verdict beyond a reasonable doubt. See State v. Mitchell (1989), 60 Ohio App.3d 106, 109, 574N.E.2d573.
 {¶ 22} Based on the eyewitness testimony at trial, in particular the identification of the appellant as the perpetrator of a purse-snatching from an elderly woman, we cannot say that, but for the failure to give the alleged jury instruction the jury was misled or the outcome of the trial would have been different. The evidence, if believed, demonstrates beyond a reasonable doubt, the acts of appellant were done at least recklessly. Accordingly, the trial court's failure to give appellant's requested jury instruction on the reckless culpable mental state constitutes harmless error.
 {¶ 23} Appellant's first assignment of error is overruled.
 II. {¶ 24} In appellant's second assignment of error, he argues that the evidence was insufficient to link him to Mrs. Swigert's injuries and the theft of the purse. We disagree.
 {¶ 25} In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held:
 {¶ 26} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to *Page 9 
determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus. It is the same inquiry for review of a trial court's denial of a Crim. R. 29 Motion for Acquittal.
 {¶ 27} Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
 {¶ 28} Appellant is correct in arguing that Mrs. Swigert could not identify her assailant. However, there was sufficient testimony from the State's witnesses to identify appellant as Mrs. Swigert's assailant.
 {¶ 29} Ms. Grove was close enough to identify the assailant. T. at 157. She identified appellant as the assailant when she was testified. Id. She noted that he wore a white tank top at the time of the incident. T. at 159.
 {¶ 30} Further, Mr. Perkowski testified that appellant was the assailant. Testified that the man he saw running from the victim was wearing a white tank top, jeans, had some facial hair and had tattoos all over his arms. T. at 165. This is consistent with Mr. Marstrell's description. He testified that the assailant as a Caucasian male having tattoos on his arms, wearing jeans and a white tank top. T. at 174.
 {¶ 31} Ms. Brinkley, appellant's neighbor testified that he had multiple tattoos. T. at 195. *Page 10 
 {¶ 32} The totality of the evidence regarding the assailant's identity was sufficient to link appellant to the crime. Accordingly, appellant's second assignment of error is overruled.
 {¶ 33} The judgment of the Tuscarawas Court of Common Pleas is affirmed.
Delaney, J., Farmer, P.J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 11