[Cite as *State v. Coleman*, 2013-Ohio-4792.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99369

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ALEX COLEMAN

DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED IN PART, REVERSED IN PART,
### AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-568419

**BEFORE:** Stewart, A.J., Keough, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 31, 2013

**ATTORNEY FOR APPELLANT**

John T. Castele
614 West Superior Avenue, Suite 1310
Cleveland, OH   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:   Carl Sullivan
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH   44113

MELODY J. STEWART, A.J.:

{¶1} The state filed an information charging defendant-appellant Alex Coleman with a single count of domestic violence. The information alleged that Coleman had previously been convicted of a misdemeanor count of domestic violence in 2005, so the prior conviction elevated the degree of the offense to a felony. Coleman conceded the prior conviction, but claimed that it was uncounseled and that he did not validly waive his right to an attorney. The court concluded otherwise and a jury found him guilty. The court's refusal to dismiss the information is the primary basis for appeal.

I

{¶2} The state charged Coleman with domestic violence under R.C. 2919.25(A). Ordinarily, a violation of that division is a first-degree misdemeanor. *See* R.C. 2919.25(D)(2). However, if the offender has previously been convicted of domestic violence, a subsequent violation of R.C. 2919.25(A) is a fourth-degree felony. *See* R.C. 2919.25(D)(3). Because the prior conviction elevates the degree of the offense, it becomes an essential element of the crime and must be proven beyond a reasonable doubt. *See* R.C. 2945.75(B); *State v. Henderson*, 58 Ohio St.2d 171, 173, 389 N.E.2d 494 (1979).

{¶3} In *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, the Ohio Supreme Court held:

> Generally, a past conviction cannot be attacked in a subsequent case. However, there is a limited right to collaterally attack a conviction when the state proposes to use the past conviction to enhance the penalty of a later criminal offense. A conviction obtained against a defendant who is

without counsel, or its corollary, an uncounseled conviction obtained without a valid waiver of the right to counsel, has been recognized as constitutionally infirm.

*Id*. at ¶ 9.

{¶4} An "uncounseled" conviction is one where the defendant was not represented by counsel and did not validly waive his right to counsel. *State v. Bonds*, 8th Dist. Cuyahoga No. 83866, 2004-Ohio-3483, ¶ 10. Because we presume that trial proceedings are conducted according to law, *State v. Brandon*, 45 Ohio St.3d 85, 88, 543 N.E.2d 501 (1989), the defendant bears the initial burden of making a "prima facie showing that the prior convictions were unconstitutional because the defendant had not been represented by counsel and had not validly waived the right to counsel and that the prior convictions had resulted in confinement[.]" *State v. Thompson*, 121 Ohio St.3d 250, 2009-Ohio-314, 903 N.E.2d 618, syllabus. "A prima facie case is one in which the evidence is sufficient to support but not to compel a certain conclusion and does no more than furnish evidence to be considered and weighed but not necessarily to be accepted by the trier of the facts." *Cleveland v. Keah*, 157 Ohio St. 331, 105 N.E.2d 402 (1952), paragraph two of the syllabus. If the defendant makes a prima facie showing that his guilty plea was uncounseled, "the burden shifts to the state to prove that the right to counsel was properly waived." *Thompson, supra*.

{¶5} Coleman conceded the 2005 misdemeanor domestic violence conviction, but claimed that it was uncounseled. To prove that it was uncounseled, he relied on a negative: that Crim.R. 22 and 44(C) collectively require misdemeanor waivers of

counsel to occur "in open court" and be "recorded," but that there was no record in the 2005 case that he waived the right to counsel in open court. The clerk of the municipal court in which Coleman was found guilty confirmed the absence of any verbatim record of Coleman waiving the right to counsel. She testified that Coleman's waiver of counsel would have been tape recorded, but those recordings were destroyed because the court only kept recordings for five years. The absence of the recording was enough to make a prima facie showing that Coleman did not waive his right to counsel in open court.

{¶6} With Coleman having made a prima facie showing that he did not waive the right to counsel in open court, the burden shifted to the state to prove that Coleman properly waived the right to counsel. The state offered into evidence a form styled "ENTRY OF PLEA AND ACKNOWLEDGMENT OF RIGHTS," signed by Coleman and filed with the clerk of the municipal court. The form states that "[t]he undersigned hereby acknowledges having received a copy of the complaint(s), and further knowingly, intelligently, and voluntarily enters the following plea[.]" There are three, separate headings of "GUILTY," "NO CONTEST," and "NOT GUILTY." The form signed by Coleman had the words "NO CONTEST" circled.

{¶7} This form also states that Coleman verified that he had been "advised in open court" of various rights. Among the acknowledged rights were "[m]y right to be represented by a lawyer" and "[m]y right to have a lawyer appointed for me if I am unable to afford a lawyer[.]" The acknowledgment that Coleman had been advised of these rights in open court was enough to satisfy Crim.R. 44(D).

{¶8} Coleman next claims that the form did not constitute a knowing and voluntary waiver of the right to counsel. He argues that it was nothing more than a notification that the right to counsel existed without being a waiver of that right.

{¶9} By its own terms, the form signed by Coleman purports to be an *acknowledgment* of the rights a defendant possesses, including the "right to be represented by a lawyer." It is a basic premise of the law that waivers of constitutional rights are not presumed; in fact, we engage in every reasonable presumption against the waiver of rights. *See State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 31. The word "waive" or any derivation thereof does not appear on the form at all. Given the very serious ramifications of the waiver of trial rights, we are not inclined to find that the form signed by Coleman constituted a knowing, intelligent, and voluntary waiver of the right to counsel.

{¶10} It is true that the form stated that Coleman "knowingly, intelligently, and voluntarily" entered his no contest plea, but that is nothing more than a legal conclusion to be made by the court, not an acknowledgement to be made by the defendant. What is more, there is nothing on the form to indicate that the municipal court judge made any finding regarding the supposed waiver. The municipal court judge did not sign the acknowlegment of rights form nor is there any other contemporaneous indication that the court found a valid waiver of the right to counsel. The clerk of the municipal court testified that the court typically advised misdemeanants of their rights at arraignment and then at the time of the plea, but she conceded that she was not present for Coleman's

municipal court case. Lacking first-hand knowledge of Coleman's case, the clerk of the court could not competently testify that Coleman validly waived the right to counsel.

{¶11} We therefore find that the court erred by concluding that the acknowledgment of rights form constituted a sufficient record that Coleman did, in open court, waive the right to counsel in his 2005 conviction for domestic violence. It follows that the 2005 conviction for domestic violence could not be used to enhance the present conviction for domestic violence to a felony. We sustain this assignment of error and remand with instructions for the court to enter a judgment of conviction on the domestic violence count as a first-degree misdemeanor.

II

{¶12} Coleman also argues that the court erred by refusing to instruct the jury on his alibi defense.

{¶13} As a general proposition, the court should give the jury an instruction on alibi when the defendant has filed a notice of alibi and offers evidence to that effect. *State v. Mitchell*, 60 Ohio App.3d 106, 108, 574 N.E.2d 573 (8th Dist.1989). Coleman filed a timely notice of alibi and presented the testimony of his fiancée who testified in some detail that she was with him celebrating her brother's birthday at the time the domestic violence occurred. With a timely raised and presented alibi defense offered at trial, the court erred by refusing to give the jury an alibi instruction.

{¶14} However, the failure to give an alibi instruction is not necessarily reversible error, but must be reviewed for plain error. In this context, plain error exists when "the

instruction would have altered the outcome of the case or if its omission caused a manifest miscarriage of justice." *State v. Greene*, 8th Dist. Cuyahoga. No. 91104, 2009-Ohio-850, ¶ 106.

{¶15} It is difficult to prove the existence of plain error in the court's failure to give a jury instruction on the alibi. An alibi defense constitutes a complete denial of the charged offense, so it stands on its own against whatever evidence the state produces. Because "[a] jury instruction on an alibi defense is nothing more than a reminder that the defendant presented evidence of an alibi," a guilty finding means that the jury necessarily would have rejected the defense. *State v. Reddy*, 10th Dist. Franklin No. 09AP-868, 2010-Ohio-3892, ¶ 23. But regardless of whether a jury verdict for the state constitutes an implicit rejection of an offered alibi, the court cannot disregard its obligation to instruct the jury on a properly presented defense. Indeed, it has long been the law that if requested special instructions to the jury are correct and timely presented, they must be included in the general charge. *Cincinnati v. Epperson*, 20 Ohio St.2d 59, 253 N.E.2d 785 (1969), paragraph one of the syllabus. Until such time as an express alibi charge is abrogated, the court should not assume that a general verdict will necessarily subsume an alibi defense.

{¶16} The state's evidence consisted primarily of testimony by the victim, her daughter, and niece. The victim testified that Coleman was the father of three of her children and had lived with her for three years before vacating the premises about one month before the act of domestic violence occurred. Coleman appeared at her apartment

and discovered a male watching television in the victim's bedroom. Enraged, he began punching her in the face. Photographs documented the victim's injuries. The victim's daughter and niece witnessed these events and, having both testified that they knew Coleman, positively identified him as the assailant.

{¶17} At bottom, the alibi defense was a matter of credibility for the jury to decide. By finding Coleman guilty, the jury necessarily rejected the alibi in favor of the eyewitness testimony. As even Coleman concedes, the state's witnesses "gave fairly consistent statements as to what happened" on the night of the crime. Appellant's brief at 18. What is more, they all knew Coleman very well given his prior relationship with the victim, so there was no real possibility that they misidentified him as the assailant. Finally, the state had photographs documenting injuries suffered by the victim that were consistent with the testimony describing the attack. In short, the state provided a very compelling case for Coleman's guilt.

{¶18} As previously noted, Coleman countered the state's evidence by having his fiancée testify that he was with her at the time the victim was attacked. Given her relationship with Coleman, the jury could easily have concluded that her testimony was biased and was entitled to little weight when compared to the very strong case presented by the state. We see no basis for concluding that the jury's verdict would have been otherwise had it been expressly instructed on the alibi defense.

{¶19} This cause is affirmed in part, reversed in part, and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant and appellee share the costs of this appeal.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, ADMINISTRATIVE JUDGE

EILEEN T. GALLAGHER, J., CONCURS;

KATHLEEN ANN KEOUGH, J., CONCURS WITH
SEPARATE OPINION


KATHLEEN ANN KEOUGH, J., CONCURRING:

**{¶20}** I concur but write separately to reiterate that it is error for a trial court to refuse to give an alibi instruction when the defense has been timely raised and evidence regarding the alibi has been presented at trial. A defendant's notice and evidence of alibi are meaningless if the court can simply disregard the evidence and refuse to properly instruct the jury. When the notice is timely raised and evidence is presented at trial, the trial court is not permitted to invade the province of the jury by refusing to instruct because it has concluded the alibi witness is not credible, which is essentially what happened here. Although the alibi witness in this case may have been less than credible,

defendant's alibi defense was timely raised and supported by testimony and, therefore, the instruction should have been given.  The trial court's failure to give the alibi instruction may not rise to the level of plain error in this case but it was error nonetheless.