JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Jeffrey McWhorter ("appellant"), hereby appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we affirm the lower court.
 I {¶ 2} According to the case, on March 1, 2005, the Cuyahoga County Grand Jury indicted appellant on four counts. Appellant was indicted with one count of aggravated robbery in violation of R.C. 2911.01, one count of attempted murder in violation of R.C.2923.02 and 2903.02, and two counts of felonious assault in violation of R.C. 2903.11, including firearm specifications of one and three years for each count.
 {¶ 3} Appellant appeared for his arraignment on March 3, 2005 and entered pleas of not guilty. Counsel was appointed by the court. Defense counsel filed discovery motions on March 4, 2005. On March 28, 2005, appellant filed pro se discovery motions with the court. On June 1, 2005, defense counsel filed a motion for leave to file notice of alibi and a notice of alibi. The prosecutor stated in his motion for continuance that the state needed more time to investigate the alibi. The motion for continuance was granted, and the trial was continued. A jury trial was conducted and returned a guilty verdict as to the attempted murder and felonious assault charges with firearm specifications, but not guilty to the aggravated robbery.
 {¶ 4} New counsel was appointed for the sentencing hearing at the request of appellant. A new trial motion was filed by new counsel indicating that witnesses were available to testify but were not called. The trial court denied the motion. Appellant was sentenced to a cumulative sentence of eight years. The court imposed a five-year sentence for the attempted murder to be served concurrently with three years for the felonious assaults. The court also imposed a three-year mandatory consecutive sentence for the firearm specifications. Appellant's counsel was appointed for this appeal by the trial court.
 {¶ 5} According to the facts, on December 13, 2004 at about 7:30 p.m., the victim went to an area on East 81st Street and Wade Park in Cleveland, Ohio to pick up a friend named Nate. While the victim was waiting for his friend, appellant got into the victim's car. The victim had previously met appellant a few times. The victim did not expect to see the appellant and told appellant to quit wasting his time. The victim was then shot twice in the head and four times in the chest area.
 {¶ 6} After the shooting, appellant got out of the vehicle and continued to aim the gun at the victim while the victim staggered from the vehicle crying out for help. A passerby noticed blood coming from the victim's head and chest area and called 9-1-1 for help. Appellant jumped back into the vehicle and drove away from the area, taking the victim's vehicle, cell phone and money. EMS arrived and transported the victim to the hospital where the victim's life was saved in spite of two gunshot wounds to the head and numerous shots to the body. The victim was hospitalized for approximately six weeks.
 {¶ 7} Meanwhile, the police continued to pursue the identity of the suspect in the case and obtained information about appellant's girlfriend who was in possession of the cell phone that was taken during the shooting. The victim identified the shooter as his mistress' boyfriend, the appellant.[1] It was later learned that the appellant and the victim (a married man) were sexually involved with the same woman. However, appellant's brief states that the victim did not know about this arrangement at the time of the shooting.[2]
 {¶ 8} The police compiled a computer-generated photo array and presented it to the victim who subsequently identified the appellant. This photo array showed six black males with the same complexion, same hairstyle, same facial make-up and same facial hair. When asked for a description while still in the hospital, the victim identified appellant as having "funny eyes" or light-colored eyes. Appellant was subsequently charged and now appeals his conviction to this court.
 II {¶ 9} Appellant's assignments of error state the following:
 {¶ 10} I. "Defense counsel was ineffective under the federal constitution when he failed to develop or present the defense theory of the case during closing argument that the appellant was elsewhere at the time of the shooting in violation of State v.Smiley, 1999 Ohio App. Lexis 5053, 8th District No. 72026, 10-28-99."
 {¶ 11} II. "Counsel is ineffective under the federal constitution when he fails to request a jury instruction on alibi as provided for in Ohio Jury Instruction 411.03 when the evidence supports an alibi."
 {¶ 12} III. "The appellant's absence during the court's instruction to the jury is constitutional error under Ohio and federal law and contrary to established case law."
 {¶ 13} IV. "The trial court's failure to answer the jury questions in open court violated the right to a public trial as guaranteed by the Sixth and Fourteenth Amendments of the federal constitution and Article I, sections 10 and 16 of the Ohio Constitution."
 {¶ 14} V. "The appellant was denied his right to counsel under the federal constitution when the trial court denied his request for a change of appointed counsel."
 {¶ 15} VI. "Counsel's failure to object to the appellant's absence during the court's instruction to the jury in response to the jury questions and counsel's failure to object to the proceedings outside the public courtroom constituted the ineffective assistance of counsel in violation of the federal constitution."
 {¶ 16} VII. "The appellant's right to due process under the federal constitution was violated when the photo array used to identify him was unnecessarily suggestive."
 {¶ 17} VIII. "The appellant was denied the effective assistance of counsel under the federal constitution when the defense failed to call the victim as a witness at the motion to suppress hearing to determine whether the police used unnecessarily suggestive procedures in obtaining the identification of the appellant from the photo array."
 III {¶ 18} Because of the substantial interrelation between appellant's first, second, fifth and sixth assignments of error, we shall address them together. In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that: 1) the performance of defense counsel was seriously flawed and deficient; and 2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Stricklandv. Washington (1984), 466 U.S. 668; State v. Brooks (1986),25 Ohio St.3d 144.
 {¶ 19} In reviewing a claim of ineffective assistance of counsel, it must be presumed that a properly licensed attorney executes his legal duty in an ethical and competent manner.State v. Smith (1985), 17 Ohio St.3d 98; Vaughn v. Maxwell
(1965), 2 Ohio St.2d 299.
 {¶ 20} The Supreme Court of Ohio, with regard to the issue of ineffective assistance of counsel, held in State v. Bradley
(1989), 42 Ohio St.3d 136, that:
"`When considering an allegation of ineffective assistance ofcounsel, a two-step process is usually employed. First, theremust be a determination as to whether there has been asubstantial violation of any of defense counsel's essentialduties to his client. Next, and analytically separate from thequestion of whether the defendant's Sixth Amendment rights wereviolated, there must be a determination as to whether the defensewas prejudiced by counsel's ineffectiveness.' State v. Lytle(1976), 48 Ohio St.2d 391, 396-397, 2 O.O.3d 495, 498,358 N.E.2d 623, 627, vacated in part on other grounds (1978),438 U.S. 910, 57 L.Ed.2d 1154, 98 S.Ct. 3135. This standard isessentially the same as the one enunciated by the United StatesSupreme Court in Strickland v. Washington (1984),466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052. * * *
 "Even assuming that counsel's performance was ineffective,this is not sufficient to warrant reversal of a conviction. `Anerror by counsel, even if professionally unreasonable, does notwarrant setting aside the judgment of a criminal proceeding ifthe error had no effect on the judgment. Cf. United States v.Morrison, 449 U.S. 361, 364-365, 66 L.Ed.2d 564, 101 S.Ct. 665(1981).' Strickland, supra, at 691. To warrant reversal, `thedefendant must show that there is a reasonable probability that,but for counsel's unprofessional errors, the result of theproceeding would have been different. A reasonable probability isa probability sufficient to undermine confidence in theoutcome.' Strickland, supra, at 694. In adopting thisstandard, it is important to note that the court specificallyrejected lesser standards for demonstrating prejudice. * * *"
 {¶ 21} Accordingly, to show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. State v. Bradley, supra, at 141, 142.
 {¶ 22} It is with the above standards in mind that we now address appellant's arguments. Appellant argues that his attorney erred because he failed to present a specific defense theory during closing argument, failed to request a jury instruction on alibi, denied his request for a change of counsel and failed to object to his absence. We do not find merit in appellant's arguments. In spite of appellant's argument to the contrary, defense counsel's actions were proper. Defense counsel's theory focused on the victim's unreliable identification of the appellant instead of appellant's whereabouts at the time of the crime. This was simply a strategic decision by counsel and was entirely proper.
 {¶ 23} Moreover, we find the facts in State v. Smiley (Oct. 28, 1999), Cuyahoga App. No. 72026, to be distinguishable from this case. In Smiley, defense counsel tried a different trial tactic during closing and stated that his client may have unknowingly assaulted the police officer even after his client testified that he did not assault the officer.
 {¶ 24} Unlike Smiley, defense counsel's strategy in the case at bar was consistent throughout the trial. Defense counsel focused on lack of evidence and the victim's lack of ability to remember due to the victim's injuries, which goes to identification. Defense counsel's trial strategy concentrated on making the victim's testimony seem unreliable. Counsel decided that focusing on the victim's testimony was more effective than arguing that the shooter was somewhere else at the time of the attack. The evidence in the record clearly demonstrates trial counsel provided effective assistance and presented sound legal theories throughout the case.
 {¶ 25} Accordingly, appellant's first assignment of error is overruled.
 {¶ 26} Defense counsel had every opportunity to present alibi evidence to the court. In fact, appellant had two witnesses testify to alibi evidence on his behalf. Nonetheless, appellant still makes much of the fact that defense counsel did not request a jury instruction regarding alibi at any stage of the trial, and the trial court did not sua sponte provide the jury instruction on alibi. However, we find appellant's argument to be unpersuasive.
 {¶ 27} In State v. Sims (1982), 3 Ohio App.3d 331, 335, this court held that "the trial court's failure to include an instruction on the defense of alibi was clearly error, * * * not plain error." This court further held that "it is not apparent, however, that inclusion of the instruction would have changed the outcome of the case, or that its omission caused a manifest miscarriage of justice." Id. The appellant, through defense counsel, filed a notice of alibi and presented two of his alibi witnesses. The trial court also instructed the jury to consider all evidence presented.
 {¶ 28} In the case at bar, appellant presented his witnesses to demonstrate an alibi. The outcome would not have been different had defense counsel requested the appropriate jury instruction because the trial court found the defendant guilty beyond a reasonable doubt.
 {¶ 29} A lack of jury instruction on the defense of alibi is not plain error. In the case of alibi, if the defendant is found, beyond a reasonable doubt, to have committed the crime, then the jury necessarily must have considered and disbelieved the evidence of alibi. State v. Moman, Columbiana App. No. 02 CO 52, 2004-Ohio-1387. Therefore, even if counsel failed to request the appropriate jury instruction on the alibi defense, it does not rise to the standard set forth in Bradley and Strickland
regarding the prejudicial effect of the outcome of the case.
 {¶ 30} Accordingly, appellant's second assignment of error is overruled.
 {¶ 31} An indigent defendant has no right to have a particular attorney represent him and, therefore, must demonstrate good cause to warrant substitution of counsel. The trial judge may deny the requested substitution and require the trial to proceed with assigned counsel participating if the complaint is unreasonable. The trial court's decision is reviewed under an abuse-of-discretion standard. State v. Cowans,87 Ohio St.3d 68, 1999-Ohio-250. To discharge a court-appointed attorney, a defendant must show a breakdown in the attorney-client relationship of such magnitude as to jeopardize the defendant's right to effective assistance of counsel. State v. Coleman
(1988), 37 Ohio St.3d 286.
 {¶ 32} The evidence presented in the case at bar failed to demonstrate that the attorney-client relationship had broken down to the degree that appellant's right to effective assistance of counsel was denied. Trial counsel presented witnesses on appellant's behalf and presented sound arguments for acquittal during the appropriate phases of the trial. In fact, appellant was actually acquitted of one of the charges in the indictment, aggravated robbery.
 {¶ 33} Accordingly, appellant's fifth assignment of error is overruled.
 {¶ 34} Appellant argues that defense counsel's failure to object to appellant's absence during the court's instruction to the jury and counsel's failure to object to the proceedings outside of the courtroom constitute ineffective assistance of counsel. Aside from the fact appellant failed to provide any case law in his brief supporting his sixth argument, we found no evidence demonstrating that counsel's failure to object constituted ineffective assistance of counsel.
 {¶ 35} Trial counsel's decision not to object to appellant's absence concerning a jury instruction conference held in chambers does not constitute ineffective assistance of counsel. Trial counsel represented appellant's interest during all jury instruction conferences. In addition, jury questions and instructions were all made a part of the record. Moreover, during the trial, the courtroom was open to the public, and appellant was present for all critical stages of the trial, i.e., voir dire, opening statements, testimony from state and appellant's witnesses, oral arguments, charging of the jury, closing arguments, and the jury verdict.
 {¶ 36} Accordingly, appellant's sixth assignment of error is overruled.
 {¶ 37} We find that the evidence in the record demonstrates that the actions of the trial court and appellant's counsel were proper. Accordingly, we hereby overrule appellant's first, second, fifth and sixth assignments of error.
 IV {¶ 38} Appellant argues in his third assignment of error that his absence during the court's response to various jury questions is constitutional error under Ohio and federal law and is contrary to established case law.
 {¶ 39} In the case at bar, the jury submitted inquiries to the trial court during deliberations requesting a copy of the police report, a transcript of the victim's testimony and a transcript of an alibi witness' testimony. The jury instruction conference held in the judge's chambers did not include appellant. However, appellant's counsel represented appellant's interest during the conference. Ultimately, the jury did not receive a copy of the police report or transcripts of the victim's testimony or the alibi witness' testimony.
 {¶ 40} "An accused has a fundamental right to be present at all critical stages of his criminal trial." Section 10, ArticleI, Ohio Constitution; Crim.R. 43(A). An accused's absence, however, does not result in prejudicial or constitutional error unless `a fair and just hearing would be thwarted by [defendant's] absence.'" State v. Conway, 108 Ohio St.3d 214,222, 2006-Ohio-791.
 {¶ 41} We find that the evidence in the record demonstrates appellant was present at all critical stages of his trial and received a fair trial even though he was not present during the jury instruction conference in chambers.
 {¶ 42} Accordingly, appellant's third assignment of error is overruled.
 V {¶ 43} Appellant argues in his fourth assignment of error that the trial court's failure to answer jury questions in open court violated his right to a public trial. The Sixth Amendment provides that a defendant "shall enjoy the right to a speedy and public trial." We have "long recognized that `the right to a public trial * * * is a fundamental guarantee of both the United States and Ohio constitutions.'" State v. Cassano,96 Ohio St.3d 94, 2002-Ohio-3751, 772 N.E.2d 81, at p. 62, quoting Statev. Lane (1979), 60 Ohio St.2d 112, 14 O.O.3d 342,397 N.E.2d 1338, paragraph two of the syllabus. See, also, State v.Conway, 108 Ohio St.3d 214.
 {¶ 44} In Waller v. Georgia (1984), 467 U.S. 39, the Supreme Court addressed the scope of a criminal defendant's right to a public trial. The court noted that the central aim of a criminal proceeding is to try the accused fairly and recognized that the public-trial guarantee allows the public to see for itself that the accused is fairly dealt with and not unjustly condemned. In addition, a public trial ensures that the judge and prosecutor carry out their duties responsibly, encourages witnesses to come forward, and discourages perjury. Id. at 46,104 S.Ct. 2210, 81 L.Ed.2d 31.
 {¶ 45} In the case at bar, the central aim of the proceeding, trying the accused in a fair manner, was satisfied. Appellant was afforded an open and public trial throughout all stages of the proceeding. The lower court did not prevent spectators in the courtroom from hearing testimony, and appellant was allowed to have family members and friends present throughout the trial. Appellant's counsel knew of each and every question that the jury posed to the court and knew each response to the jury. We find that the evidence in the record demonstrates appellant's right to a fair and public trial was not violated.
 {¶ 46} Accordingly, appellant's fourth assignment of error is overruled.
 VI {¶ 47} Because of the substantial interrelation between appellant's seventh and eighth assignments of error, we shall address them together. Appellant argues that his right to due process and his right to effective counsel were violated regarding the photo array.
 {¶ 48} In order to suppress an out-of-court identification, the court must find that the procedure employed was so impermissibly suggestive as to give rise to a substantial likelihood of misidentification. State v. Harris (Sept. 29, 1994), Cuyahoga App. No. 65681, citing Simmons v. United States
(1968), 390 U.S. 377, 384. See, also, State v. Glover, Cuyahoga App. No. 84413, 2005-Ohio-1984, p. 21.
 {¶ 49} Moreover, the defendant bears the burden of proving that the out-of-court identification was flawed. State v.Miller, Cuyahoga App. No. 80999, 2003-Ohio-164, at p. 31, citingState v. Harris (Sept. 29, 1994), Cuyahoga App. No. 65681. See, also, State v. Jells (1990), 53 Ohio St.3d 22, 559 N.E.2d 464.
 {¶ 50} In general, "it is not a requirement for the use of photo arrays that all pictures shown must be of the same type. Neither is it required that they bear no differing marks or blemishes. Neither is it required that but one photo of an accused be used. The only inquiry is whether the photo or procedure used was `so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.'" State v. Green (1990), 67 Ohio App.3d 72
at 79, citing Simmons v. United States (1968), 390 U.S. 377,384. See, also, State v. Hubbard, Cuyahoga App. No. 83384, 2004-Ohio-4627. Therefore, whether each and every suspect included in the photo array exactly matched the descriptions of witnesses to the crime is immaterial, as long as the array itself was not impermissibly suggestive. Moreover, there is no automatic preclusion of a proper in-court identification even if there were erroneous pretrial identification procedures. State v. Jackson
(1971), 26 Ohio St.2d 74, 269 N.E.2d 118, syllabus.
 {¶ 51} Appellant argues in his seventh assignment of error that the photo array used to identify him was unnecessarily suggestive and violated his right to due process. We do not find merit in appellant's argument.
 {¶ 52} In the instant case, all the suspects depicted in the photo array in question were similar in appearance and build to the appellant and all had similar complexions, facial shapes, and facial hair. Further, the victim testified that he recognized appellant when he got into the vehicle and had seen him on two other occasions prior to the incident. He also provided a physical description to the detective. The victim stated the appellant's relationship to Lavenia Dupree, who happened to have the victim's cell phone in her possession after the shooting. Therefore, we find the identification procedure used with this witness was not unnecessarily or impermissibly suggestive, and appellant's seventh assignment of error is overruled.
 {¶ 53} Appellant argues in his final assignment of error that he was denied effective assistance of counsel when defense counsel chose not to call the victim as a witness at the motion hearing to suppress the photo array. We do not find merit in appellant's argument.
 {¶ 54} Strategic and tactical decisions will not form the basis of a claim of ineffective assistance of counsel, even if there had been a better strategy available to him. Errors of judgment regarding tactical matters do not substantiate a claim of ineffective assistance of counsel. State v. Allen (Sept. 22, 2000), Ashtabula App. No. 99-A-0050. The decision of whether to call witnesses is within the province of counsel's trial tactics.State v. Hunt (1984), 20 Ohio App.3d 310, 312.
 {¶ 55} It is clear from the evidence in the record that the decision to call the victim as a witness was an issue of trial tactics. The decision of whether or not to call the victim as a witness during the motion to suppress the photo array hearing was a sound tactical decision in this instance and was, therefore, proper under the law. Accordingly, appellant's eighth assignment of error is overruled.
 {¶ 56} For the foregoing reasons, appellant's assignments of error are without merit and the judgment of the Cuyahoga County Court of Common Pleas is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, P.J., and Rocco, J., concur.
[1] Tr. 392.
[2] See appellant's brief, p. 2.