[Cite as *State v. Townsend*, 2012-Ohio-4400.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   97733

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CHARLES T. TOWNSEND

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-554067

**BEFORE:** E. Gallagher, J., Celebrezze, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** September 27, 2012

**ATTORNEY FOR APPELLANT**

John T. Castele
614 West Superior Avenue
Suite 1310
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By:    Nicole Ellis
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1} Defendant-appellant, Charles Townsend, appeals from his conviction and sentence rendered in the Cuyahoga County Court of Common Pleas. Townsend argues that his conviction was against the manifest weight of the evidence and that he was denied effective assistance of counsel. For the following reasons, we overrule both of Townsend's assignments of error and affirm his conviction.

{¶2} The facts of the instant case arise from events that occurred on July 18, 2011 in Cleveland, Ohio. L.C. Witherspoon testified that, on that date, he lived at 12407 Farringdon with three grandchildren and that shortly after leaving his home that day, he received a call from a neighbor who told him that his oldest grandchild, N.S., had come to the neighbor's house to use the phone because Witherspoon's home had been entered. Witherspoon testified that he returned home to find broken windows, his home ransacked and his television unplugged, moved away from the wall and placed on the floor. He also stated that there was a crowbar left in the middle of the living room that did not belong to him.

{¶3} N.S. testified that he was present when men broke into the home because he was supposed to be attending school, but he was running late so he decided not to go. N.S. testified that he heard a knock at the front door at around 9:00 AM, got out of bed

and went downstairs to see who was knocking. He testified that he saw two men whom he did not recognize at the door, so he did not alert them to his presence and went back upstairs to bed. He said he did so because he did not recognize the men and he was startled but that shortly after going back upstairs, he heard glass breaking and went downstairs to investigate, which is when he saw two men coming into the house through a window. Upon seeing this, N.S. related that he ran out the front door of the house to his neighbor's house from where the neighbor called the police as well as the boy's grandfather. N.S. then stood in his neighbor's front yard and watched his house. When the police arrived, N.S. moved into his own driveway and he could see a man inside the living room unhooking the TV. He then heard a window breaking on the side of the house but he did not observe any associated activity.

{¶4} City of Cleveland patrol officer Terrence Smith testified that he and his partner were the first on the scene. Smith stated he observed the side window of the house being kicked out and saw Townsend exit through that window and flee from the home. He testified that Townsend looked directly at him during the exit and that he then ran to the backyard where he saw that Townsend had already been apprehended.

{¶5} Officer James Williams testified that he and his partner arrived at the scene seconds after Smith and his partner. Williams testified that he was positioned at the rear of the house when he saw the side window being kicked out and Townsend come through the window, directly at him. He ordered Townsend to the ground and placed

him under arrest.

**{¶6}** On September 21, 2011, Townsend was indicted on charges of burglary, theft with an elderly specification, possessing criminal tools, and criminal damaging. Although counsel's opening statement suggested that Townsend had an alibi, Townsend did not testify at trial and presented no witnesses on his own behalf. The jury found Townsend guilty of burglary, theft with an elderly specification and criminal damaging. It is from these convictions that Townsend appeals.

**{¶7}** In his first assignment of error, Townsend argues that his convictions were against the manifest weight of the evidence. For the reasons stated below, we disagree.

**{¶8}** When considering a manifest weight challenge, the court is concerned not with the burden of production but rather the burden of persuasion. In *State v. Jackson*, 8th Dist. No. 86542, 2006-Ohio-1938, ¶ 29, it was stated:

> When a defendant asserts that his conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

**{¶9}** Here, the state presented the testimony of N.S. who testified that he saw two men breaking into his home, but that he did not see their faces. After the police were called, he could see that the men were still in the home. The state also presented the testimony of two police officers who saw Townsend kick out the window of the home that was being burglarized, jump from that window and attempt to flee the scene running

towards one of the officers and that Townsend was apprehended 15 feet from the window.

{¶10} Townsend asserts that this is not enough evidence to be persuasive. He asserts that Officer Smith could not recall what color clothes Townsend was wearing that day; no fingerprint or DNA evidence was found at the crime scene linking Townsend to the burglary; N.S. could not identify the men who broke into his house; Officer Smith did not save any of the broken glass he brushed off of Townsend after he was arrested and that both officers lost eye contact with Townsend at some point between the window being kicked out and Townsend being arrested.

{¶11} We find the state has met its burden of persuasion in this case. Two police officers testified that they saw Townsend exit through a window of the house prior to his apprehension and arrest. They identified him by his face, not by his clothing. The police officers did not feel it was necessary to save the glass shards as they both observed Townsend exit the house. The fact that N.S. could not identify Townsend is of little consequence as he made no attempt to look at the men's faces who were breaking into his home — his only concern was fleeing from danger. Townsend had no permission to be in the house and was seen fleeing the house by two officers. We find nothing to show that the trier of fact clearly lost their way and that a miscarriage of justice has occurred. *State v. Jackson*, 8th Dist. No. 86542, 2006-Ohio-1938, ¶ 29.

{¶12} For the reasons stated above, Townsend's first assignment of error is

overruled.

{¶13} In his second assignment of error, Townsend argues his trial counsel failed to provide effective  assistance.   Specifically, Townsend asserts that counsel erred when he did not call any witnesses who would testify that he was arrested for being in the wrong place at the wrong time.   For the following reasons, we disagree.

{¶14} In order to prevail on a claim for ineffective assistance of counsel, the defendant must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial.   *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).   Counsel's performance may be found to be deficient if counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Strickland* at 687.   To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."  *Bradley* at 143.

{¶15} In determining whether counsel's performance fell below an objective standard of reasonableness, "[j]udicial scrutiny of counsel's performance must be highly deferential."  *Strickland* at 689.   Because of the difficulties inherent in determining whether counsel rendered effective assistance in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional

assistance. *Id.*

{¶16} This court has said, "[a]n attorney's selection of which witnesses to call at trial falls within the purview of trial tactics and generally will not constitute ineffective assistance of counsel." *State v. Briscoe*, 8th Dist. No. 77832, 2000 Ohio App. LEXIS 5505, *9. Furthermore this court asserts,

> [s]trategic and tactical decisions will not form the basis of a claim of ineffective assistance of counsel, even if there had been a better strategy available to him. Errors of judgment regarding tactical matters do not substantiate a claim of ineffective assistance of counsel. The decision of whether to call witnesses is within the province of counsel's trial tactics.

*State v. McWhorter*, 8th Dist. No. 87443, 2006-Ohio-5438, ¶ 54.

{¶17} Here, Townsend alleges that having his grandmother and girlfriend testify as to why he was in the area at the time of the robbery would have aided his case. We do not agree. This evidence is in no way exculpatory to the assertion he was burglarizing a home. It is evidence that places him in the area of the crime committed, at the time the crime was committed. There is nothing to suggest that Townsend was prejudiced in some way by his counsel's decision not to have his grandmother or girlfriend testify. Two police officers saw Townsend break out of the home that was being burglarized. Having his grandmother, girlfriend, or both, testify as to why he was in the area would not have affected the weight of the officers' testimony. The decision of Townsend's trial counsel to present no witness evidence cannot lend itself to an ineffective assistance claim. Townsend was not prejudiced by his attorney's decision not to present these

witnesses.

**{¶18}** Townsend's second assignment of error is overruled.

**{¶19}** Townsend's conviction is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KENNETH A. ROCCO, J., CONCUR

**Appendix**

**Assignments of Error**

> **"I.** **The defendant's convictions were against the manifest weight of the evidence.**
>
> **II.** **The defendant was denied effective assistance of counsel."**